[In Bank. — October 26, 1883.]

## EX PARTE JAMES FLOOD ON HABEAS CORPUS.

CRIMINAL LAW — GRAND LARCENY — SENTENCE — HOUSE OF CORRECTION. — The Act of 1877, in relation to the house of correction of the city and county of San Francisco, was retained by the Constitution of 1879, and made applicable to the Superior Court of the city and county of San Francisco, and that court has, by virtue of the act, jurisdiction to sentence a defendant to the house of correction instead of the State prison, when convicted of grand larceny in a proceeding commenced in the Superior Court.

APPLICATION for writ of habeas corpus. The facts appear in the opinion of the court.

*John D. Whaley*, for Petitioner.

*Alfred Clarke*, for Respondent.

McKEE, J. — In the Superior Court of the city and county of San Francisco, the petitioner, having been convicted of the crime of grand larceny, was sentenced to imprisonment in the house of correction of said city and county for the term of three years. The sentence was imposed under the provisions of a statute passed April 1, 1877, entitled, " an act in relation

to the house of correction of the city and county of San Francisco." (Stats. 1877–78, p. 953.) By section 3 of the act, it was provided, that "all persons appearing for sentence in the police judge's court, the city criminal court, or the municipal criminal court, of the city and county of San Francisco, who might be sentenced to imprisonment in the county jail or in the State prison may, instead thereof, be sentenced to imprisonment in the house of correction in said city and county, subject, however, to the provisions of section 4; and no person shall be sentenced to imprisonment in the house of correction except under the provisions of this act."

All the courts enumerated in the above section of this act, except the police judge's court, were abolished by the Constitution of 1879 (sub. 3, art. xii., Const.); and the cases in those courts, together with the records, books, and papers appertaining to them, were, by command of the Constitution, transferred on January 1, 1880, to the Superior Court of the city and county (art. vi., § 5, Const.); and by section 3 of an act to transfer the records, papers, and business of the courts existing on the 31st of December, 1879, to the present existing courts, passed February 4, 1880, the provisions of the Constitution in that regard were carried into effect. When transferred, the Superior Court was authorized "to exercise jurisdiction over such cases, records, books, and papers as if they had been, in the first instance, commenced, filed, or lodged therein."

The case in hand, however, was not one of that class of cases. It had not been commenced and was not pending in any of the abolished courts on or before December 31, 1879; and there were no records, papers, or books appertaining to it, transferable or transferred to the Superior Court. As a transferred case, the Superior Court had therefore no jurisdiction over it. It was commenced in the Superior Court, and prosecuted to the conviction of the defendant under the original jurisdiction conferred upon the court "over all criminal cases amounting to felony and cases of misdemeanor not otherwise provided for" (§ 5, art. vi., Const.); and under the provisions of the Penal Code applicable to the crime, of which conviction was had, and to which was annexed as a punishment imprisonment in the State prison of not less than one nor more than ten years. (§ 489,

Pen. Code.)    But if the case had been in any one of the courts which were abolished by the Constitution, that court would have been authorized, by the law of 1877, to punish the petitioner for the crime of which he stood convicted, by imprisonment in the house of correction instead of by imprisonment in the State prison.    The abolition of those courts did not wipe out the laws which were applicable to them, nor has the law of 1877 been repealed.    On the contrary, the framers of the Constitution retained the law of 1877 (§ 1, art. xii., Const.), and made it applicable to the Superior Court, which they created as the successor of the courts that had been abolished (§§ 2 and 11, art. xii.); and it results, that as the law of 1877 was applicable to the Superior Court, and the circumstances of the case brought the case itself within the provisions of the law, that the court had jurisdiction to sentence the defendant in the case to the house of correction instead of to the State prison. The judgment under which the petitioner has been committed is therefore valid, and the petitioner is lawfully held in custody.

Writ dismissed and petitioner remanded.

THORNTON, J., MYRICK, J., SHARPSTEIN, J., MCKINSTRY, J., and ROSS, J., concurred.