[No. 20246.    Department Two. — January 31, 1887.]

EX PARTE SAMUEL GILMORE, ON HABEAS CORPUS.

CRIMINAL LAW — ASSAULT — PUNISHMENT OF — ILLEGAL SENTENCE — COR-
    RECTION OF. — Under section 241 of the Penal Code, a person convicted
    of an assault cannot be punished by both fine and imprisonment. If
    such a sentence be imposed, the Superior Court before which the con-
    viction was had has power, within a reasonable time, to vacate the sen-
    tence, and impose one in accordance with law; and a delay of six days
    between the time of the first sentence and that of the second is not un-
    reasonable.

APPLICATION for a writ of *habeas corpus.* The facts are
stated in the opinion of the court.

*John D. Whaley,* for Petitioner.

*J. N. E. Wilson,* and *J. A. Hosmer,* for Respondent.

THORNTON, J. — The petitioner was regularly convicted
of an assault, and sentenced to fine *and* imprisonment
for three months. The sentence was one which the
court was not authorized by law to impose, the statute
allowing a sentence of fine *or* imprisonment not exceed-
ing three months. (Pen. Code, sec. 241.)

The petitioner applied to this court for a writ of *habeas
corpus,* and after he was heard, the court which had pro-
nounced the illegal sentence vacated it, and imposed im-

prisonment for eighty-one days. The first sentence was pronounced on the 23d of October, 1886, the petitioner was heard on the 28th, and the court imposed the second and legal sentence on the 29th of October, 1886. The second judgment was brought to our attention by a supplementary return.

We are of opinion that the first sentence, or judgment, was illegal, and perhaps void. As it was illegal, the court which rendered the judgment had power, during the term at which the judgment was rendered, to call the prisoner before it, vacate the illegal sentence, and impose one in accordance with law. (*Ex parte Lange*, 18 Wall. 163. See prevailing and dissenting opinions.)

The petitioner being thus under the control of the Superior Court, we should have remanded the petitioner to give an opportunity to the court to do what it has done, have the party brought before it, vacate its illegal sentence, and render a legal one. This being done, it remains only to say that the petitioner was legally held, and he must be remanded to the custody of the sheriff.

It may be urged that the Superior Court has no terms, and therefore the rule above cited does not apply. Conceding that such court has no terms, then it has power within a reasonable time to do what was done here, and the action taken by the court in passing the legal judgment was, in our judgment, within a reasonable time.

Ordered, that the prisoner be remanded to the custody of the sheriff of the city and county of San Francisco.

SHARPSTEIN, J., and MORRISON, C. J., concurred.