[No. 20276.    In Bank. — February 4, 1887.]

## Ex parte MOON FOOK, on Habeas Corpus.

CRIMINAL LAW — HOUSE OF CORRECTION — IMPRISONMENT IN OF PRIOR OFFENDER. — Under the act of April 1, 1878, a defendant prosecuted in the Superior Court of the city and county of San Francisco, for the crime of burglary, who pleads guilty thereto, and confesses a charge of prior convictions of felonies, cannot be sentenced to imprisonment in the house of correction in that city and county; and a judgment to that effect is void.

APPLICATION for a writ of *habeas corpus*.    The facts are stated in the opinion of the court.

*Z. T. Cason*, for Petitioner.

*Joseph Kirk*, for Respondent.

PATERSON; J. — On May 22, 1885, the petitioner, after due proceedings had in the Superior Court of the city and county of San Francisco, pleaded guilty of burglary, and confessed the charge of two prior convictions of felony — burglary also — to be true.    The court there-

upon sentenced him to serve the term of four and one half years in the house of correction. The act of April 1, 1878 (Stats. 1877–78, p. 953), provides:—

"Sec. 3. All persons appearing for sentence in the Police Judge's Court, or the City Criminal Court, or the Municipal Criminal Court of the city and county of San Francisco, who might be sentenced to imprisonment in the county jail, or in the state prison, may, instead thereof, be by the proper court sentenced to imprisonment in the house of correction, in said city and county, subject, however, to the provisions of the next section; and no person shall be sentenced to imprisonment in the house of correction except under the provisions of this act.

"Sec. 4. No person shall be sentenced to imprisonment in the house of correction for a shorter or a longer term than that for which he might be sentenced in the county jail, or in the state prison, and in no case whatever for a shorter term than three months, nor for a longer term than three years. No person who might be sentenced to imprisonment in the state prison shall be sentenced to imprisonment in the house of correction, if he is more than twenty-five years of age, if he has once before been convicted of a felony, or twice before convicted of petit larceny, nor unless, in the opinion of the court, imprisonment in the house of correction will be more for his interest than imprisonment in the state prison, and equally for the interest of the public. The fact of a previous conviction may be found by the court upon evidence introduced at the time of sentence." (Applicable to Superior Court, *Ex parte Flood*, 64 Cal. 251.)

Passing over the question as to the effect of an excessive sentence, and the question of the correctness of the decision in *Ex parte Bernert*, 62 Cal. 524, we think the judgment is void because the prisoner is not within any of the classes of criminals who may, by the terms of the

statute, be committed to the house of correction. That institution, as its name indicates, is designed for the reformation of youthful criminals, — those who have not yet become hardened in crime, — and as we construe section 4 of the act, no one can be committed to the house of correction who is over twenty-five years of age, or " who has been once before convicted of a felony, or twice before convicted of petit larceny, nor unless, in the opinion of the court, imprisonment in the house of correction will be more for his interest than imprisonment in the state prison, and equally for the interest of the public."

It was the intention of the legislature to provide a place where young offenders should not be brought into contact or association with veteran criminals.

It being now too late to enter a proper judgment in the court below (*Ex parte Gilmore*, 71 Cal. 624), it is ordered that the petitioner be discharged from custody.

McFARLAND, J., MORRISON, C. J., SHARPSTEIN, J., and THORNTON, J., concurred.

TEMPLE, J., dissented.