[Crim. No. 946. First Appellate District, Division One.—March 25, 1921.]

## THE PEOPLE, Respondent, v. A. G. GOSCINSKY, Appellant.

[1] CRIMINAL LAW—NAME OF DEFENDANT—ABSENCE OF PREJUDICIAL ERROR.—Where an information charges a defendant by the name of "A. G." Goscinsky, and upon arraignment he states his name to be "A. C." Goscinsky, and thereafter the proceedings are conducted in that name, but during the trial, when called and examined as a witness, he gives his name as "Alfred C." Goscinsky, the continuance of the proceedings in the name given by him upon his arraignment is not prejudicial to his defense and does not result in a miscarriage of justice.

[2] ID.—PLACE WHERE CRIME COMMITTED—FAILURE TO ALLEGE—ABSENCE OF DEMURRER—EVIDENCE—APPEAL.—On appeal a defendant cannot predicate prejudicial error upon the omission of the information to state the county in which the offense was committed,

where no special demurrer was interposed upon this ground and the evidence showed where it was committed.

[3] ID.—PRACTICING MEDICINE WITHOUT LICENSE—BURDEN OF PROOF. In a prosecution for practicing medicine without a license, an instruction to the effect that the burden is upon the defendant "to prove that he has or has had a license if he seeks to make the possession of a license a defense," correctly states the law.

[4] ID.—FINE—ALTERNATIVE IMPRISONMENT—ERRONEOUS JUDGMENT—APPEAL.—A judgment that a defendant convicted of the crime of practicing medicine without a license "shall pay a fine of $500, and in default of payment that he be imprisoned in the county jail one day for each two dollars of the fine," or for a duration of 250 days, is contrary to the provisions of section 1205 of the Penal Code, which limits the duration of such alternate imprisonment to the maximum time by which the offense is punishable—in this case 180 days—but the judgment is not for that reason void, but only erroneous, and should be ordered modified by the appellate court.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

F. P. Feliz for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Frank M. Smith and Harry A. Encell for Respondent.

KERRIGAN, J.—This is an appeal from the judgment and from an order denying a motion for a new trial in a criminal prosecution wherein the defendant and appellant was charged with the offense of practicing a system and mode of treating the sick and afflicted without having at the time of so doing a valid, unrevoked certificate from the board of medical examiners of the state of California.

[1] The information charged the defendant by the name of A. G. Goscinsky, and upon arraignment the defendant stated his name to be A. C. Goscinsky, and thereafter the proceedings were conducted in that name; but during the trial, when called and examined as a witness, the defendant gave his name as Alfred C. Goscinsky. However, the pro-

ceedings continued in the name given by the defendant upon his arraignment.

The law recognizes only one Christian name; and it has been often held that a mistake in or omission of a middle initial or name is immaterial; but there is a conflict in the authorities as to the sufficiency of the use of initials in lieu of the given name. (29 Cyc. 265, 269.) Assuming that from the time when it appeared that the letter A in the defendant's name as given by him stood for Alfred the subsequent proceedings ought to have been conducted in that name and the initial A discarded, in compliance with sections 953 and 959 of the Penal Code, the neglect to do so was at most a mere error of procedure, and in a matter of form, which did not tend to prejudice the substantial rights of the defendant. He had himself stated on his arraignment that his true name was A. C. Goscinsky, and the fact that the name thus given was used throughout the remainder of the proceedings in no way interfered with his defense to the charge, and it will hardly be contended by the most zealous champion of the defendant's rights that the omission or defect complained of in this case resulted in a miscarriage of justice.

[2] The point that the information was defective in not stating the county in which the offense was committed may also be dismissed with the comment that the evidence showed where it was committed, i. e., where the defendant resided and practiced medicine, and certain it is that the defendant suffered no injury and was not hampered in his defense on account of this omission. It may also be remarked that he could have specially demurred to the information upon this ground, and neglected to do so.

[3] The court instructed the jury in part as follows: "You are instructed that it is not necessary for the people to prove that the defendant did not have a license. Whether the defendant has or has not, or has had, a license is a matter peculiarly within his own knowledge. The burden is therefore upon him to prove that he has or has had a license if he seeks to make the possession of a license a defense."

A similar instruction was given and sustained in the cases of *People* v. *Boo Doo Hong*, 122 Cal. 606, [55 Pac. 402], and *People* v. *T. Wah Hing,* 47 Cal. App. 327, [190 Pac. 662]. The

instruction correctly announced the law on the subject, and the court therefore committed no error in so directing the jury.

The evidence supports the verdict. The prosecution introduced evidence tending to show that the defendant was engaged in the county of Monterey in the practice of medicine and surgery, and then rested, whereupon the defendant took the stand and testified that a license was issued to him in the year 1894 by the board of medical examiners of the state of California entitling him to practice medicine, and that such license was destroyed during the fire in San Francisco in the year 1906. He also testified that in the year 1898 he practiced in the office of Dr. Herbert W. Schultz, and that during that time his certificate hung on the wall in Dr. Schultz's surgical room above the X-ray apparatus. Dr. Schultz, however, took the witness-stand in rebuttal, and testified that while the defendant had been associated with him in his office as stated, he had never seen a certificate or what purported to be a certificate or license of any kind entitling defendant as a physician and surgeon to practice in this state. All questions of fact are for the jury, as also the question of the credibility of witnesses. It is quite apparent that the jury discredited the defendant's testimony that he had been granted a license to practice medicine and surgery in the state of California and its determination of this fact is binding upon an appellate court.

[4] The Medical Practice Act provides as a penalty for the violation of any of its provisions a fine of not less than $100 nor more than $600, or imprisonment for a term of not less than 60 days nor more than 180 days, or by both such fine and imprisonment. (Stats. 1917, p. 115, sec. 24.) The judgment in this case provides that the defendant shall pay a fine of $500, and in default of payment that he be imprisoned in the county jail one day for each two dollars of the fine. It is contended that the judgment is void for the alleged reason that it requires that the defendant be imprisoned, in default of payment of the whole of the fine imposed, for a duration of 250 days, contrary to the provisions of section 1205 of the Penal Code, which limits the duration of such alternate imprisonment to the maximum time by which the offense is punishable—in this case 180 days. But the judgment is not for this reason void, but erroneous, and should for that reason be modified by this

court. (Pen. Code, sec. 1260.) It is therefore ordered, that the judgment be modified by adding to it the following words, to wit: "Provided, however, that the term of imprisonment under this judgment shall not exceed the duration of 180 days." As so modified the judgment is affirmed.

Richards, J., and Waste, P. J., concurred.