[Crim. No. 705. Third Appellate District.—October 9, 1923.]

THE PEOPLE, Respondent, v. A. BRENTA, Appellant.

[1] CRIMINAL LAW—UNLAWFUL SALE OF INTOXICATING LIQUOR—COURTS —JURISDICTION.—Justices' courts are not given jurisdiction of the offense for the unlawful sale of intoxicating liquor, the punishment for a first offense being a fine not more than one thousand dollars, or imprisonment not exceeding six months; but under section 5 of article VI of the constitution, jurisdiction of such an offense is in the superior court.

[2] ID.—PLEADING — SECTION 954, PENAL CODE — CONSTRUCTION.—Section 954 of the Penal Code, which provides, "The indictment or information may charge two or more different offenses . . . under separate counts," makes no distinction between felonies and misdemeanors.

[3] ID.—WRIGHT ACT—CONSTRUCTION OF.—The Wright Act adopts the penal provisions of the Volstead Act and thereby makes them a part of the penal statutes of this state.

[4] ID.—JUDGMENT — FINE — EXCESSIVE IMPRISONMENT.—A provision in a judgment of conviction for the unlawful sale of intoxicating liquor that in default of the payment of a fine of five hundred dollars defendant "be confined in the county jail for the period of one day for each $2.00 of said fine," is violative of section 1205 of the Penal Code to the effect that such alternative imprisonment shall not "extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted"; and such error does not render the judgment wholly void, but only to the extent of the excessive imprisonment imposed.

APPEAL from a judgment of the Superior Court of Napa County. Percy S. King, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

H. L. Johnston and E. L. Webber for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—By separate counts in the information the defendant was charged with two unlawful sales of intoxicating liquor, one on April 1, 1923, and the other on the 6th of the same month. On his arraignment the defendant entered a plea of guilty to both counts. By the judgment the defendant was sentenced to imprisonment in the county jail for a term of three months on the first count and to pay a fine of $500 on the second count, with the alternative "in default of the payment of said $500 that he be confined in the county jail for the period of one day for each $2.00 of said fine." From the judgment so rendered the defendant appeals.

It is contended that the superior court was without jurisdiction of the offenses charged. Section 29 of title 2 of the Volstead Act (41 Stat. 316) provides: "Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more that $1,000, or imprisoned not exceeding six months." Section 1425 of the Penal Code invests justices' courts with jurisdiction of "all misdemeanors punishable by fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment." Superior courts are given jurisdiction in "cases of misdemeanor not otherwise provided for." (Const., art. VI, sec. 5.) [1] Since a defendant may be fined in excess of $500 for the unlawful sale of intoxicating liquor, the justices' courts are not given jurisdiction of the offense and consequently, under the constitutional provision quoted, jurisdiction thereof is in the superior court.

[2] It is urged that there is no authority for charging the commission of two misdemeanors in one information. Section 954 of the Penal Code provides: "The indictment or information may charge two or more different offenses . . . under separate counts." This section makes no distinction between felonies and misdemeanors and it does not appear by what authority courts may do so.

It is contended that the penalties provided in the penal statutes of this state are controlling, rather than those of the

Volstead Act.　[3]　It is sufficient to say that the Wright Act (Stats. 1921, p. 79) adopts the penal provisions of the Volstead Act, and thereby makes them a part of the penal statutes of this state.

[4]　There is an error in the judgment which is not pointed out by appellant. The provision therein to the effect that in default of payment of the fine imposed, the defendant be imprisoned one day for every two dollars of the fine, or 250 days, is violative of section 1205 of the Penal Code to the effect that such alternative imprisonment shall not "extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted." This error does not render the judgment wholly void, but only to the extent of the excessive imprisonment imposed. (*People* v. *Goscinsky,* 52 Cal. App. 62 [198 Pac. 40].)

The judgment upon the second count of the information is modified by adding thereto the words "provided, however, that the duration of such imprisonment for default in the payment of said fine shall not exceed six months." As so modified the judgment is affirmed.

Plummer, J., and Hart, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 6, 1923.

All the Justices concurred.