## STATE v. PINKSTON*
(No. 1275; Oct. 27, 1925; 240 Pac. 219)

Appeal & Error—Criminal Law—Exceptions—Waiver—Information—Cross-Examination—Evidence—Nuisance — Intoxicating Liquor—Evidence of Possession and Sale of Intoxicating Liquor.

1.   Exceptions, not preserved in record, not considered.
2.   In prosecution for selling intoxicating liquor, reversal for insufficiency of information unauthorized, where defendant in trial court did not object thereto, motion for arrest of judgment was not made within time required by Comp. St. 1920, § 7588, and no exceptions to overruling thereof appears of record.

3. Information, under Laws 1921, c. 117, § 30, for selling intoxicating liquor not containing words ''which act was then and there prohibited and unlawful,'' *held* not fundamental error as not stating any offense reviewable without objection in lower court.

4. In a prosecution for selling liquor and maintaining a nuisance, sustaining objection to question on cross-examination of state's witness, who had testified that he was a coal miner and law enforcement agent as to whether he kept house of ill fame, was erroneous, because jury had right to know character of witness giving testimony and witness himself had right, if he wished, to counteract false impression that may have been left or suggested by question, but such fact did not constitute reversible error where there was ample evidence to sustain verdict.

5. In a prosecution for selling liquor and maintaining a nuisance, testimony of witness, relative to purchasing beer at another time than that charged in indictment, was not erroneous, inasmuch as it had bearing on nuisance charged and was first brought out by defendant on cross-examination.

6. In a prosecution for selling liquor and maintaining a nuisance, permitting state to reopen case for purpose of introducing intoxicating liquor in evidence was in pursuance of court's discretion, and no prejudice resulting therefrom *held* to have been shown.

7. In prosecution for selling intoxicating liquors and maintaining a nuisance, *held*, that evidence was sufficient to sustain conviction on counts charging selling and having for sale intoxicating liquor.

*See Headotes (1) 17 C. J. p. 167 (2) 17 C. J. pp. 53, 72, 75 (3) 17 C. J. p. 53 (4) 17 C. J. p. 334, 40 Cyc. p. 2615 (5) 16 C. J. pp. 605, 607 (Anno), 17 C. J. p. 211 (6) 16 C. J. p. 870.

APPEAL from District Court, Natrona County; CYRUS O. BROWN, Judge.

Joe Pinkston was convicted of selling, and having for sale intoxicating liquor, and he appeals.

*Vincent Mulvaney* and *Edwin Barrett* for appellant.

The information does not charge the commission of an offense prohibited by law; Laws of 1921, page 157; People vs. Peisez, 226 Ill. App. 363, 31 C. J. 694, 703-704. There

was no evidence of storage of liquor on the premises. The court erred in receiving evidence of other alleged offenses; Underhill (3rd ed.) 187; 33 C. J. 749; questions by the prosecution propounded to defendant as to whether he was engaged in running a house of prostitution were prejudicial; 28 R. C. L. 610; Ex parte Boscowitz, 5 Am. S. R. 384. The court erred in denying appellant's motion to permit the jury to inspect the premises; 7535 C. S. There was no evidence that defendant kept and sold intoxicating liquor. The court erred in denying defendant's motion for a directed verdict, and in denying his motion and arrest of judgment. The sentence of the court is unusual and excessive and should be modified; State vs. Parker, 100 So. 260.

*David J. Howell*, Attorney General and *John C. Pickett*, Asst. Attorney General for defendants.

Defendant's motion in arrest of judgment was not made in time, 7588 C. S. The alleged defect in the information was waived by plea of not guilty; 7483, 7486 and 7487 C. S. McGinnis vs. State, 16 Wyo. 72; the motion being out of time, defendant waived any benefit thereunder; 16 C. J. 1263; Patton vs. State (Ind.) 135 N. E. 759; Tracy vs. State (Okla.) 216 Pac. 941; but the information was sufficient; 13 C. J. 708; authorities cited by appellant to support his contention, that the concluding words of the information "Contrary to the form of statutes in such cases provided" constitute a defect in the charge, are not applicable to the present case. No substantial rights of defendant were thereby affected; May vs. U. S. 199 Fed. 42; State vs. Johnson (N. D.) 118 N. W. 230; People vs. Ermons (Cal.) 110 Pac. 151; the clause has the same meaning as the words prohibited and unlawful; Pickins vs. Timber Co. (W. Va.) 41 S. E. 400; Stoltz vs. People (Colo.) 148 Pac. 865; State vs. Decker (Iowa) 191 N. W. 359; Bowes vs. State, (Okla.) 127 Pac. 883; no exception was preserved to objections made to questions propounded to witness Barrett, as to defendant's occupation and the point cannot be reviewed; Bader

vs. Mills, 28 Wyo. 191; Ritchey vs. State, 28 Wyo. 119; State vs. Lowry, 29 Wyo. 267; prosecution may always go into matters referred to in cross-examination; 16 C. J. 884; 28 R. C. L. 598; cross-examination may go into collateral matters tending to discredit the witness; 28 R. C. L. 609; Evans vs. Connor, (Mass.) 75 A. S. R. 316; and in the absence of an abuse of discretion the courts rulings are not reviewable; Carter vs. State (Nebr.) 154 N. W. 252; Byers vs. Terr. (Okla.) 100 Pac. 261; Pullen vs. State, (Tex.) 156 S. W. 359; evidence of different sales are admissible upon a charge of maintaining a nuisance; State vs. Jordan (N. Dak.) 155 N. W. 59; State vs. Copleman (Kans.) 205 Pac. 360; Paige vs. U. S. 278 Fed. 41; Baich vs. U. S. 276 Fed. 290; defendant made no objection to re-opening the prosecution after close of its evidence to put the state's Exhibit "A" in evidence; moreover it was within the discretionary power of the court to so re-open; 16 C. J. 71; State vs. Bales (Mo.) 181 S. W. 801; State vs. Jones, (Wash.) 142 Pac. 35; People vs. Ferrone (N. Y.) 98 N. E. 81; McGrew vs. U. S. 281 Fed. 809; it is within the discretion of the court to permit the jury to view the premises in a criminal case; 7535 C. S. Young vs. Com. (Ky.) 133 S. W. 791; State vs. Bemas (Wash.) 195 Pac. 1001; refusal to permit the jury to view the premises is not reviewable; there was evidence to show that defendant kept liquor for sale. The sentence imposed by the court was within the statutory limits and should be upheld; Bishop on Criminal Law 9th ed. Vol. p. 697; State vs. Duff (Iowa) 121 N. W. 829; Jenkins vs. State, 22 Wyo. 34; Russell vs. State, 19 Wyo. 272; In re McDonald, 4 Wyo. 150; Ex Parte Pollizzattoo (Calif.) 205 Pac. 676.

TIDBALL, District Judge.

In this case, defendant and appellant was informed against in the District Court, the information containing four counts, the fourth count being for conducting a nuisance by selling intoxicating liquor in a certain building, and the second and third counts being as follows:

## SECOND COUNT

And comes now E. H. Foster, County and Prosecuting Attorney of the County of Natrona, in the State of Wyoming, and in the name and by the authority of the State of Wyoming, informs the Court and gives the Court to understand that Shorty Black, whose true name is unknown, late of the County aforesaid, on or about the 22nd day of September, A. D. 1923, in the County of Natrona, in the State of Wyoming, did then and there wilfully and unlawfully keep for sale intoxicating liquor, to-wit, whisky, containing one-half of one per centum of alcohol by volume and fit for use for beverage purposes, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

## THIRD COUNT

And comes now E. H. Foster, County and Prosecuting Attorney of the County of Natrona, in the State of Wyoming, and in the name and by the authority of the State of Wyoming, informs the Court and gives the Court to understand that Shorty Black, whose true name is unknown, late of the County aforesaid, on or about the 22nd day of September, A. D. 1923, in the County of Natrona, in the State of Wyoming, did then and there wilfully and unlawfully sell intoxicating liquor, to-wit, whisky, containing one-half of one per centum of alcohol by volume and fit for beverage purposes, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

He was found guilty on the second and third counts and was sentenced to serve sixty days in jail and to pay a fine of $300 on each of said counts.

In his specifications of error—the case being here on appeal—he sets forth some thirteen errors, but the record shows that no exceptions were preserved to most of the alleged erroneous rulings, and these will not be considered by this court.

The first two specifications of error are that the second and third counts of the information do not charge the commission of a crime under the laws of Wyoming, the appellant contending that under Chapter 117, Section 30, Session Laws for 1921, the counts should each contain the words ''which act was then and there prohibited and unlawful.'' The section of the statute in question is as follows:

''In any complaint, information, or indictment for the violation of this Act, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed. It shall not be necessary in any complaint, information, or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, but this provision shall not be construed to preclude the trial court from directing the furnishing the defendant a bill of particulars when it deems it proper to do so.''

The defendant in the trial court did not object to the sufficiency of the information in any manner before nor during the trial and not until the 19th day of April, 1924, nine days after the judgment and sentence of the court had been pronounced on the verdict, when he filed a motion in arrest of judgment. This was out of time, the statute (Section 7588, Wyoming Compiled Statutes 1920) requiring the motion to be filed within three days after the verdict. Nor does any exception appear in the record to the order of the court overruling the motion. It requires no citation of authority to the proposition that under these circumstances this court cannot reverse the case because of an insufficient information, unless the information wholly fails to state an offense. We think it is sufficient to state that in our opinion the failure of the counts in question to contain the words ''which act was then and there prohibited and unlaw-

ful,'' if a defect at all, is a defect in form only, and should have been raised before trial, and that the two counts complained of state offenses under our statute.

The next ruling of the trial court to which an exception is preserved occurred as follows:

George Pattrakis, a witness for the State, testified that he resided at Rock Springs, was a coal miner by occupation, and was a State law enforcement agent; then he gave testimony to the effect that he was present with another law enforcement agent named Geer, who had previously testified in the case as to purchasing intoxicating liquor from defendant, and witnessed the purchase of intoxicating liquor by Geer, his testimony corroborating that of Geer. Then on cross-examination of Pattrakis, he was questioned by defendant's attorney as to his occupation before becoming a State law enforcement agent, and was finally asked this question: ''Isn't it a fact that you are now interested in running a house of prostitution at Rock Springs?'' This question was objected to by the State as being incompetent, irrevelant and immaterial, and the objection was sustained by the court, to which ruling defendant excepted. We think the question should have been allowed, not only because the jury had a right to know the character of the witness whose testimony was being given, but also because the witness had a right, if he wished, to counteract any false impression that might be left in the minds of the jury by the suggestion contained in the question as to his character. As the record was made by the ruling, the jury might conclude that the objection was interposed because the State feared the answer that would be given to the question. It is said in 1 Greenleaf on Evidence, 14th edition:

''There is certainly great force in the argument that, where a man's liberty or his life depends upon the testimony of another, it is of infinite importance that those who are to decide upon the testimony should know, to the greatest extent, how far the witness is to be trusted. They cannot

look into his breast to see what passes there, but must form their opinion on the collateral indications of his good faith and sincerity. Whatever, therefore, may materially assist them in this inquiry is most essential to the investigation of truth; and it cannot but be material for the jury to understand the character of the witness whom they are called upon to believe, and to know whether, although he has not been convicted of any crime, he has not in some measure rendered himself less credible by his disgraceful conduct. * * * Nor does there seem to be any good reason why a witness should be privileged from answering a question touching his present situation and employment and associates, if they are of his own choice, as, for example, in what house or family he resides, what is his ordinary occupation, and whether he is intimately acquainted and conversant with certain persons, and the like; for, however these may disgrace him, his position is one of his own selection.''

In Underhill on Criminal Evidence (3rd Ed.), Section 387, it is said:

''The previous conduct of the witness, his life and associations, whether irreproachable or the reverse, are all relevant. Every person possesses, to a certain extent, the power of selecting his domicile and avocation. * * * If, therefore, he voluntarily associates with those who are engaged in disreputable pursuits * * * or follows an occupation which is loathsome and vile, though not perhaps criminal, no rule of law prevents such facts from being shown to determine his credibility, by questions put to him upon his cross-examination.''

In 28 R. C. L., 610, Section 199, the rule is stated:

''By the great weight of authority it has always been permissible upon cross-examination to inquire into the antecedents of a witness by showing his occupation, social connec-

tions, manner and place of living, and the like. Being matters largely of his own choice, they indicate his true character. He is therefore responsible for them, and they may be inquired into for the purpose of affecting his credibility.''

In the case of Eads v. State, 17 Wyo. 490, 101 Pac. 946, the question involved in the present case is discussed. In that case a witness for the State was asked if he had not been arrested for carrying concealed weapons and convicted in Justice Court. An objection to this question was sustained by the trial court and this ruling was approved by this court. However, in discussing the matter this court, speaking through Justice Scott, used the following language:

''The evidence proffered was collateral to the issue and unless it clearly tended to discredit the witness it should not be received. Inquiry may be made as to specific instances of recent but not remote misconduct of a witness upon cross-examination of such witness within proper limits for the purpose of affecting his credibility. In such case his answer precludes further inquiry; in other words, extrinsic evidence of such collateral matter is not permissible. The right and limits of such cross-examination when relevant on the subject of bad character rests largely in the discretion of the trial court. * * * A misdemeanor is not an infamous crime nor does it always involve moral turpitude or lack of veracity in the perpetration. It seems to us that the evidence to be competent and relevant to discredit the witness should at least tend to prove moral turpitude or a lack of veracity. The crime of carrying concealed weapons imputes neither. * * *''

The running of a house of prostitution, though a misdemeanor, does involve moral turpitude, and hence under the rule above announced, the question asked should have been allowed.

See also 40 Cyc. 2615, et seq.; Jones on Evidence, Civil
Cases, 3rd Ed., Sec. 830, et seq; State v. Fong Loon, 29 Ida.
248, 158 Pac. 233; L. R. A. 1916 F, 1198, and cases therein
cited.

While the trial court undoubtedly has great discretion
in limiting cross-examination, and while it must be confessed
that the decisions are far from harmonious on the question
now being discussed, we believe that in a case of this kind,
where the witness for the state qualifies himself as to his
occupation as a coal miner and as to his official position as
a State law enforcement agent, the defense should be al-
lowed on cross-examination to ask him if he is not at the
time interested in running a house of prostitution.   The
question might very well have been allowed on the ground
that the state had placed his occupation, position and stand-
ing in issue.  But aside from that, we think the jury might
very well refuse to place the credence in his testimony they
otherwise would if it were shown that he was interested in
an illegal and degrading business.   However, we are not
willing to reverse the case for this error.  We do not believe
that, had he been allowed to answer the question, the verdict
would have been otherwise.   There was ample evidence, be-
sides his, on which the jury may have, and perhaps did, base
their verdict.   There is also nothing to indicate that, had
he been allowed to reply, his answer would have been in the
affirmative, and nothing to indicate that the witness was in
fact engaged in the business of conducting a house of prosti-
tution.   It is very likely that the question was asked only
for the purpose of attempting to cast suspicion on the wit-
ness and with no hope or expectation that he would answer
it in the affirmative.

On direct examination, Geer, one of the State's witnesses,
testified that at the time and place mentioned in the in-
formation he bought a bottle of moonshine liquor from de-
fendant.   Then on cross-examination, defendant's attorney
asked Geer how he happened to buy the moonshine liquor,
and in answering that question the witness testified that he

bought six bottles of beer from defendant and then inquired if he had any liquor, and on being informed that defendant could supply that also, witness bought the bottle of moonshine liquor in question. No objection was made by defendant to this testimony concerning the beer. Later Geer was recalled by the State, whereupon the following took place:

"Q. Mr. Geer, when was it you bought the beer down at 257 West A. Street?

Mr. Mulvaney: We object to that as incompetent, irrelevant and immaterial.

Mr. Foster: Other sales of—

The Court: (Interposing) Proceed. Overruled.

Mr. Mulvaney: Exception.

.A. I bought beer on the night that I bought this liquor, and I bought beer and liquor on another date, from this same defendant.

Mr. Barrett: On another date?

The Witness: Yes.

Mr. Barrett: We ask that this be stricken as not bearing on this case.

Mr. Foster: It is a question of nuisance.

Mr. Barrett: That affidavit was sworn to, that the sale was made on the same date this man is charged with in the examination.

Mr. Foster: That dosen't make any difference.

The Court: Overruled.

Mr. Barrett: Exception.

Mr. Foster: That is all."

It will thus be seen that testimony as to the beer was first produced by defendant while cross-examining the witness, and for this reason we do not think defendant can claim to have been prejudiced by the question and answer objected to. Furthermore, the fourth count of the information charges a nuisance, and the evidence was competent and material under that count.

After the taking of testimony had been completed and the jury instructed, defendant moved for a directed verdict on the ground that the State had failed to introduce or offer the intoxicating liquor as evidence. Thereupon, upon motion of the State, the case was reopened by the court and the bottle of liquor was received in evidence. The reopening of a case is a matter resting largely within the discretion of the trial court and the defendant has shown no prejudice resulting therefrom.

It is claimed that the evidence is insufficient to sustain the verdict. Two witnesses for the State testified that liquor was purchased by them from defendant at the time and place alleged in the second and third counts of the information. The jury evidently believed this testimony, as they had a perfect right to do. The evidence was amply sufficient to sustain a conviction on the two counts on which a verdict of guilty was returned.

For the reasons stated, the judgment of the trial court should be and is affirmed.

*Affirmed.*

POTTER, Ch.J., and BLUME, J., concur.