## STATE v. SORENSON*
### (No. 1245; Dec. 15, 1925; 241 Pac. 707)

CRIMINAL LAW—ELECTION BY PROSECUTION—INDICTMENT AND INFOR-
MATION—JOINDER OF SEPARATE OFFENSES—WITNESSES—CREDIBIL-
ITY—EVIDENCE.

1.  Overruling of motion requiring election by state, on which
    information it would proceed, *held* not ground for re-
    versal, where accused was required to plead to, and was
    tried on, amended information only.
2.  That information charging misdemeanor varied from
    charges made against accused in justice court, and upon
    which he was required to appear in district court, *held*
    not ground for reversal, since information may be filed
    in the district court for misdemeanor.
3.  Under Prohibition Law, § 30, separate offenses described
    in that act may be joined in separate counts in one in-
    formation.
4.  Testimony that prosecuting witnesses drank liquor on dif-
    ferent occasions, offered without attempting to show that
    such witnesses were drunk 'at time of transaction as to
    which they testified, *held* properly excluded as not affect-
    ing credibility.
5.  Motions to strike out all testimony in rebuttal of witnesses
    concerning reputation for truth and veracity of principal
    prosecuting witnesses *held* properly overruled as too
    broad, where part of testimony was merely preliminary,
    and hence proper.
6.  Where witnesses testified on direct examination that the
    reputation of the chief prosecuting witnesses for truth
    and veracity was good, and on cross-examination that
    they had never heard anybody talk about such reputation,
    such negative proof *held* admissible.

*See Headnotes (1) 17 C. J. p. 286, n. 41 (2) 31 C. J. p. 631 n.
64; (3) 31 C. J. p. 783 n. 76 (4) 40 Cyc. p. 2601 n. 37 (5) 16 C. J.
p. 882 n. 9 (6) 40 Cyc. p. 2648 n. 60.

APPEAL from District Court, Niobrara County; CYRUS
O. BROWN, Judge.

Carl Sorenson was convicted of selling intoxicating liq-
uor, and he appeals.

*Thomas M. Fagan* for appellant.

Defendant was prevented from having a fair trial by the denial of his motion to require the prosecution to elect upon which of the two pending informations it would proceed; 7461 C. S. requirés such election. The court erred in over-ruling defendant's motion to quash. There is no authority for joining in one information two separate prosecutions brought before a Justice; Laws of 1921, Chapter 17, Sec. 30; the court erred in permitting witness Penn to testify from a book, as primary evidence, and in sustaining the several objections of the prosecution to evidence offered by defendant; the court erred in refusing to strike out testimony of witness Thon and of witness Wilson; the witnesses having been impeached, their testimony should have been stricken. Defendant should be granted a new trial.

*David J. Howell,* Attorney General, and *Ray E. Lee,* Assistant Attorney General for respondent.

Laws of 1921, Chap. 117, Sec. 30 authorizes the joinder of separate defenses in one complaint or information; it is the settled practice of the courts in Wyoming to permit the filing of direct informations by the prosecutor, and to try defendants on informations thus filed. Preliminary hearings are had for the purpose of a speedy inquiry as to the probability of guilt; 7431 C. S. It is proper for a witness to make a record or memorandum of transactions and to testify therefrom; the ruling of the court sustaining the objection of the prosecution to a question as to whether or not prosecuting witness was drunk at Manville before the date of the offense charged, was correct; and also in sustaining the objection to questions put to prosecuting witness as to whether he had seen witness Penn drunk in the town of Lusk. The court properly excluded offered evidence as to whether witness Penn was in the liquor business; the prosecution had the right to join two or more offenses in separate acts and bring defendant to trial on all of them at one time; the denial of defendant's motion to require the prosecution

to elect was proper; the ruling of the court in denying defendant's motion to strike out the testimony of witness Thon and Wilson was proper. The judgment should be affirmed.

RINER, District Judge.

Carl Sorenson, hereinafter referred to as the "defendant," was convicted of selling intoxicating liquor, and by direct appeal the cause was brought here. July 11th, 1923, by complaint before a justice of the peace, the defendant was charged with a sale of intoxicating liquor on May 28th, 1923. Waiving preliminary hearing he was recognized to appear in the District Court for trial. Previously and on May 31st, 1923, the defendant had been arrested upon the charge of unlawfully possessing intoxicating liquor. Appearing before the justice court he had waived a hearing and had entered into bond to appear for trial in the District Court as to this charge also. July 29th, 1923 an information charging the defendant with selling whiskey on May 28th, 1923 was filed in the District Court of Niobrara County. August 27th, 1923 the justice of the peace before whom the preliminary proceedings were had in these matters filed his transcripts thereof in the District Court. Meanwhile, and on August 23rd, 1923, an amended information containing two counts, one charging the defendant with the unlawful sale of intoxicating liquor on May 28th, 1923, and the other charging him with unlawful possession of intoxicating liquor on May 31st, 1923, was filed in the District Court by the county attorney. Thereafter, though on what date is not quite clear, a motion requiring the State to elect on which information it would proceed, was presented to the District Court and overruled on August 27th, 1923. The same day a motion to quash the information filed August 23rd, 1923 was heard by said Court, and also overruled. A plea of not guilty was then filed and entered by the defendant and a trial was had, resulting in a verdict of guilty on the first count of the information, and not guilty on the second. From the judgment and sentence entered on this verdict this appeal is taken.

Complaint is made that the Court erred in overruling the motion requiring an election by the State on which information it would proceed. The motion, by its verbiage, does not very accurately refer to these informations, but as but two informations were filed in the case it is reasonably plain what is meant. The record, however, shows that the second information was designated "amended information," and that defendant was required to plead to and was tried upon this information only. As defendant actually obtained exactly the relief sought by his motion, the fact that the motion was overruled can not be regarded as prejudicial to him, even if it be assumed that it was error, an assumption itself exceedingly doubtful.

Error is assigned and argued on account of the trial court's disposition of the motion to quash. The contentions under this motion would seem to be that the information attacked varies from the charges made against the defendant in the justice court, and upon which he was recognized to appear in the District Court; and that the proceedings in the last mentioned court must be upon the complaints filed in the justice court. But both our law and the usual practice thereunder permit the filing of an information in the District Court where the crime charged is a misdemeanor, the situation disclosed in the case at bar. As said in Nicholson v. State, 24 Wyo. 347, 157 Pac. 1013, "It is only when a felony is charged, and then only in certain cases, that a preliminary examination is required before filing an information in the district court." See also State v. Tobin, 31 Wyo. 355 at 368, 226 Pac. 681. There is no merit in the contentions here urged.

It is also insisted in connection with this motion to quash that different and distinct offenses are joined in one information, and that this may not be done. No authorities are cited to uphold this proposition. But the statute, the prohibition law, (Sec. 30 of Chapter 117, Session Laws Wyo. 1921) specifically authorizes the joinder of separate offenses described in that Act in separate counts in one infor-

mation. Language of similar import in such statutes has been construed in recent decisions as permitting such a practice. See People v. Brenta, 220 Pac. 447, 64 Cal. App. 91; State v. Faull, 189 N. W. 274, 178 Wis. 66; DeJianne v. United States, 282 Fed. (C. C. A., 3rd Cir.) 737. And 1 Bishop Crim. Proc., in the course of Sections 448 and 452, declares that:

"Two or more misdemeanors growing out of separate and distinct transactions may, according to the doctrine which appears to prevail everywhere, be joined in the same indictment when embraced in different counts."

See also Wharton's Crim. Proc., 10th Ed., Vol. 1, Sec. 385, and 31 C. J. 785, Sec. 352, and cases cited. There was no error in overruling the motion to quash.

Objections were made and exceptions saved to the court's rulings relating to certain questions about a memorandum book kept by one of the prosecuting witnesses, and which he used when on the witness stand to refresh his recollection of one of the transactions involved in this case. Some of these questions were merely preliminary, and a careful examination of them fails to disclose any prejudicial error in the rulings thereon.

Certain assignments of error were made and argued, all directed at rulings on questions on both cross- and direct-examination of several witnesses and offers of proof seeking to show that one of the prosecuting witnesses had on different occasions drunk liquor, but it was not attempted to be shown that the witness at the time of the transaction, concerning which he gave testimony, was intoxicated. No authorities are cited. There was no error in these rulings. The testimony thus sought to be adduced would not affect the credibility of the witness. See Eads v. State, 17 Wyo. 490, 506, 101 Pac. 946, and also State v. Pinkston, (Wyo.) 240 Pac. 219. There may be cited here additionally: 40 Cyc. 2612 and cases cited; State v. Milosovitch, 175 Pac.

139;  42 Nev. 263; State v. Edwards, 210 Pac. 1079, 106 Ore. 58.

Complaint is made that the trial court erred in not striking out all the testimony in rebuttal of two witnesses concerning the reputation for truth and veracity of the principal prosecuting witnesses. These motions were too broad. Part of the testimony given by these witnesses was merely preliminary and of course proper. This court, in Stickney v. Hughes, 12 Wyo. 397, 412, 75 Pac. 945, has applied this principle to offers of proof. Logically the ruling in that case is applicable here. Further, the witnesses whose testimony was sought to be stricken testified that the reputation of the chief prosecuting witness for truth and veracity was good. On cross-examination they stated that they had never heard anybody talk about that reputation. Negative proof of this kind is competent proof of good reputation, and should be accepted and weighed by the jury. See State v. Nelson, 12 N. W. 253, 58 Ia. 208. In Gifford v. People, 35 N. E. 754, 755, 148 Ill. 177, the Supreme Court of Illinois well said:

"It is not necessary, as seems to have been supposed by counsel on both sides, in this case, that witness should have heard any considerable number of the neighbors of the witness sought to be impeached or sustained speak of his reputation for truth and veracity. It may very well be that the reputation for truth and veracity or chastity or common honesty of a person may be known among his neighbors and acquaintances, without having heard it generally discussed. Indeed, one whose word passes current among his associates and neighbors, or who is received and accepted by society as a virtuous man or woman, or whose honesty is not questioned in the community in which he lives, will ordinarily excite no discussion or comment, and yet every person in the community will know that he or she is accepted, recognized, and reputed to be a truthful, virtuous, or honest person."

Upon the whole record of the cause it appears that the defendant had a fair trial and the judgment of the trial court should be affirmed.

*Affirmed.*

POTTER, Ch. J., and KIMBALL, J., concur.