[No. B120096. Second Dist., Div. One. July 27, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
IVAN RENE MOORE, Defendant and Appellant.

## COUNSEL

William L. McKinney for Defendant and Appellant.

Gil Garcetti, District Attorney, George M. Palmer, Head Deputy District Attorney, and Andrea R. Schrote, Deputy District Attorney, for Plaintiff and Respondent.

## OPINION

**VOGEL (Miriam A.), J.**—Penal Code section 270 makes it a misdemeanor for the parent of a minor child to "willfully omit[], without lawful excuse," to provide the necessities of life for his child.[1] The statute says that proof of the parent's failure to provide the required care is prima facie evidence that the failure to provide was willful and without lawful excuse. (§ 270.) In the case now before us, the defendant (the father of a minor child), says "willfulness" is an element of the offense and must be proved by the People. The prosecutor says it is an affirmative defense. We agree with the defendant.

### FACTS

Ivan Rene Moore was charged with one count of misdemeanor failure to provide care for his 11-year-old daughter, Brittany Moore. (§ 270.) At trial, the People presented evidence that Moore is, in fact, Brittany's father (he is not and never has been married to Brittany's mother but there is no issue of paternity at this time), and that Moore had, in the past, voluntarily provided some money for Brittany's care and given her small gifts. Brittany's mother testified that Moore's payments had dwindled and that he had contributed only $100 during the preceding year. Moore testified on his own behalf. He is a musician and has been involved in work-related litigation. The year before, he had filed a bankruptcy petition. In rebuttal, the People presented evidence that Moore drives fancy cars. A jury found Moore guilty. Moore appealed, and the appellate department of the superior court reversed, finding that the jury was improperly instructed concerning the burden of proof. The appellate department certified the matter to us.

---

[1] Unless otherwise stated, all section references are to the Penal Code.

## DISCUSSION

### A.

As relevant, section 270 provides thus: "*If a parent of a minor child willfully omits, without lawful excuse,* to furnish necessary clothing, food, shelter or medical attendance, or other remedial care for his or her child, he or she is guilty of a misdemeanor . . . . If a court of competent jurisdiction has made a final adjudication in either a civil or a criminal action that a person is the parent of a minor child and the person has notice of such adjudication and he or she then willfully omits, without lawful excuse, to furnish necessary clothing, food, shelter, medical attendance or other remedial care for his or her child, this conduct is punishable [as a wobbler]. . . .

"*Proof of abandonment or desertion of a child by such parent, or the omission by such parent to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his or her child is prima facie evidence that such abandonment or desertion or omission to furnish necessary food, clothing, shelter or medical attendance or other remedial care is willful and without lawful excuse.* [¶] The court, in determining the ability of the parent to support his or her child, shall consider all income, including social insurance benefits and gifts. [¶] The provisions of this section are applicable whether the parents of such child are or were ever married . . . ." (Italics added.)

### B.

The question is whether section 270 improperly shifts the burden of proof to the defendant. The answer depends upon the words of the instruction given to the jury. As we will explain, there is nothing facially wrong with the instruction.[2] But there were two problems in this case. First, the instruction should not have been given at all. Second, the prosecutor's closing argument—during which he told the jurors the burden was on Moore to disprove an element of the charged offense—precludes a finding of harmless error.

### C.

Under the plain language of the first paragraph of the statute, a parent's failure to support his child is a misdemeanor only if the parent

---

[2]The jury was instructed according to CALJIC No. 16.152, as follows: "If the evidence establishes beyond a reasonable doubt that the parent of a child abandoned or deserted such child, or that the parent omitted to furnish the necessary food, clothing, shelter or medical attendance or other remedial care, you may infer that such omission was willful and without lawful excuse."

"willfully omits, without lawful excuse," to provide care for the child. (§ 270.) It would appear, therefore, that the People must prove that the failure to provide was "willful." This is done, we are told by the second paragraph of this statute, by "[p]roof of . . . the omission by such parent to furnish" necessary care. Put differently, proof of the parental relationship and the parent's failure to provide care shifts to the defense the burden of presenting evidence to establish that the failure to provide care was not willful.

Quite clearly, willfulness is an element of the offense. Dicta in *People v. Dewberry* (1992) 8 Cal.App.4th 1017, 1021 [10 Cal.Rptr.2d 800] (a prosecution under section 277 for unlawfully detaining a child) explains that section 270 "includes lack of a legal excuse within the statutory description of the crime. Section 270 makes it a criminal offense '[i]f a parent of a minor child *wil[l]fully omits, without lawful excuse,* to furnish necessary clothing, food, shelter or medical attendance, or other remedial care for his or her child . . . .' (Italics added.) The absence of lawful excuse is an element of the offense. . . . Section 270 relaxes the prosecutor's burden by creating a presumption of no lawful excuse upon proof of abandonment, desertion or failure to provide. . . ." (*People v. Dewberry, supra,* 8 Cal.App.4th at p. 1021.) We borrow the *Dewberry* dicta, modify it to apply to the element of "willful" omission, and hold that willfulness (as in "willfully omits . . . to furnish") is an element of the section 270 offense.[3]

### D.

In evidentiary terms, section 270 creates a mandatory, rebuttable presumption. (Evid. Code, § 602 [a rebuttable presumption is created when a statute makes one fact prima facie evidence of another fact].) Since section 270 establishes a presumption rather than an inference (*People v. Dewberry, supra,* 8 Cal.App.4th at p. 1021), the statute may arguably be read to reflect a legislative intent *to require* the jury to draw the assumption of willfulness from proof of the basic facts unless the defendant comes forward with sufficient evidence to rebut the presumed fact. (*People v. Roder* (1983) 33 Cal.3d 491, 501-502 [189 Cal.Rptr. 501, 658 P.2d 1302].)[4] Since this is a criminal case, and since a presumption cannot be used to undermine the defendant's right to have the jury determine the ultimate facts beyond a

---

[3] We do *not* decide whether "without lawful excuse" (assuming it means something other than "willfully") is an element of the offense or an affirmative defense. (Compare *In re Shawnn F.* (1995) 34 Cal.App.4th 184, 196-199 [40 Cal.Rptr.2d 263], and *People v. Goscinsky* (1921) 52 Cal.App. 62, 64-65 [198 P. 40], with *People v. Dewberry, supra,* 8 Cal.App.4th at p. 1021.)

[4] "A presumption is an assumption of fact that the law requires to be made from another fact or group of facts found or otherwise established in the action." (Evid. Code, § 600, subd. (a).) "An inference is a deduction of fact that may logically and reasonably be drawn from another

reasonable doubt (*Ulster County Court* v. *Allen* (1979) 442 U.S. 140, 156 [99 S.Ct. 2213, 2224, 60 L.Ed.2d 777]), the verdict in this case depends upon the words actually spoken to the jury and the manner in which a reasonable juror would have interpreted those words. (*People* v. *Roder, supra,* 33 Cal.3d at p. 502.)

### E.

The CALJIC committee anticipated this issue and offered this Comment about section 270: "Although no appellate court has determined whether the jury may presume the defendant was willful and without lawful excuse . . . from the fact of the failure to [provide] itself, the Committee is of the opinion that such a presumption would not meet the constitutional requirements of *People* v. *Roder* (1983) 33 Cal.3d 491 . . . because willfulness is an element of the offense and hence an ultimate fact for the jury to decide." (Com. to CALJIC No. 16.152 (6th ed. 1996 bound vol.) pp. 402-403.) To rescue section 270 from the jaws of constitutional infirmity, the Committee drafted CALJIC No. 16.152 to define a permissible inference, not to state a required presumption: "If the evidence establishes beyond a reasonable doubt that the parent of a child abandoned or deserted that child, or that the parent omitted to furnish the necessary food, clothing, shelter or medical attendance, or other remedial care, you may *infer* that the omission was willful and without lawful excuse." (Italics added.) This instruction does not tell the jury that there is a presumption or that it is the defendant's burden to disprove some element of the case against him, only that the jurors *may* draw from other evidence an inference of willfulness and of the absence of excuse. When a jury is not informed of the existence of a statutory presumption or otherwise told that the law *requires* a certain inference, and where the jury is not told that the defendant has a burden to disprove an element of the offense, there is no constitutional error. (*People* v. *Roder, supra,* 33 Cal.3d at pp. 502-503.)

It follows that there is nothing facially wrong with CALJIC No. 16.152.

### F.

Moore put on evidence that his failure to provide care was not willful and was lawfully excused. As a result, CALJIC No. 16.152 should not have been given at all. As the "Use Note" cautions: "Do *not* give this instruction if evidence has been received tending to prove that the failure to provide was not willful or was not without lawful excuse." (Use Note to CALJIC No. 16.152, *supra*, p. 402.) And as the CALJIC Committee explains, the rebuttable presumption created by section 270 is a presumption

fact or group of facts found or otherwise established in the action." (Evid. Code, § 600, subd. (b).)

affecting the burden of producing evidence (*People* v. *Sorensen* (1968) 68 Cal.2d 280, 286-287 [66 Cal.Rptr. 7, 437 P.2d 495, 25 A.L.R.3d 1093]), which means the presentation of the required evidence places the issue before the jury for its determination based solely on the evidence presented, without regard to the presumption (Evid. Code, § 604) and without any reason to pinpoint a specific inference. In this case, it was error to give CALJIC No. 16.152.

Any doubt about whether the error was prejudicial is resolved in Moore's favor by reference to the prosecutor's closing argument, during which he told the jurors that Moore "has to raise the defense. He has to prove to you by [a] preponderance of the evidence" that "he could not have provided that necessary support." The "evidence is clear. *The People need not even prove to you that [Moore] willfully and without lawful excuse failed to provide for his child. Why? Because upon establishing that he's the father and upon establishing that he failed to provide, you may presume that the failure was both willful and without lawful excuse.*" (Italics added.) This argument relieved the prosecutor of the burden to prove every element of the charged offense beyond a reasonable doubt. (*People* v. *Roder, supra,* 33 Cal.3d at p. 504.)[5]

We therefore agree with the appellate department that Moore's conviction must be reversed.

### DISPOSITION

The judgment of the municipal court is reversed, and the cause is remanded to the municipal court for a new trial.

Spencer, P. J., and Ortega, J., concurred.

---

[5]With regard to the prosecutor's reference to a "preponderance of the evidence" standard for the defense, we note that, where the burden is properly placed on the defendant to interject a factual contention which, if established, would tend to overcome or negate proof of an element of the charged crime, the defendant need only raise a *reasonable doubt* as to the existence or nonexistence of the fact in issue. (*People* v. *Tewksbury* (1976) 15 Cal.3d 953, 963 [127 Cal.Rptr. 135, 544 P.2d 1335]; see also *People* v. *Dewberry, supra,* 8 Cal.App.4th at p. 1021.)