VICTOR KOZLOWSKI *vs.* THE BOARD OF TRUSTEES OF THE NEW CASTLE COUNTY WORKHOUSE.

1. HUSBAND AND WIFE—"INFORMATION" WITHIN ACT AUTHORIZING ENFORCEMENT OF CONVICTION FOR FAILURE TO SUPPORT DEFINED.

The word "information," under *Rev. Code* 1915, § 3040, providing that, if the court is satisfied by information and due proof under oath that defendant, husband, has violated an order requiring him to support his wife, it may sentence him under the original conviction, does not mean something in the nature of an indictment, but means information received from the probation

officers, in view of *Section* 3039, imposing the duty on these officers to furnish the court with such information.

2.  CRIMINAL LAW—RESENTENCE FOR ONE YEAR FOR FAILURE TO SUPPORT WIFE AFTER HAVING SERVED PART OF ORIGINAL SENTENCE NOT AUTHORIZED.

Where a defendant, convicted of failure to support his wife, served 14 days, and was then released because the sentence was without definite limitation, a resentence for one year under the original conviction was not warranted by a statute authorizing imprisonment for a period not exceeding one year for such failure to support.

(*December* 19, 1921.)

PENNEWILL, C. J., RICE and HARRINGTON, J. J., sitting.

*Robert Adair* for petitioner.

*Clarence A. Southerland* for respondent.

Superior Court for New Castle County, November Term, 1921.

PETITION in Habeas Corpus, No. 16, March Term, 1921.

PENNEWILL, C. J., delivering the opinion of the court:

The petition alleges, and the record of the Municipal Court shows, that the petitioner was sentenced to imprisonment by said court on October 29, 1921, until the arrearages due his wife under an order made by that court for her support, had been paid.

After serving fourteen days under such sentence, the petitioner was discharged from custody by the Federal Court because the sentence was without definite limitation and, therefore, void. The petitioner was resentenced in November under the original conviction to imprisonment for the term of one year.

The petitioner contends: (1) that the violation of the court's order in October was illegally determined, because no information was filed, and he was not given an opportunity to make his defense; (2) that said sentence for one year was illegal and void because the combined sentences exceeded one year.

The statute (*Rev. Code* 1915, § 3040) provides that—

"If the court be satisfied by information and due proof under oath that the defendant has violated the terms of such order, it may forthwith proceed with the trial of the defendant [or sentence him] under the original conviction, or enforce the suspended sentence, as the case may be." * * * *

At the argument it was stated by the Deputy Attorney General, that when the petitioner was arrested and brought into court for violation of the court's order in October, the probation officer testified under oath that the defendant had violated the said order, and that the defendant was present and had an opportunity to be heard, but said nothing. These statements were not denied by petitioner's counsel, but he claimed that the hearing and sentence were illegal because there was no information filed as required by the statute.

[1] The court are clear that the word "information" in *Section* 3040 of the statute, where it says, "If the court be satisfied by information and due proof under oath," etc., does not mean something in the nature of an indictment. If there had previously been a conviction, as in this case, the statute cannot mean that an information should be filed.

If there had been no conviction, the same section provides that the court may proceed with the trial, if satisfied its order has been violated. Some light is thrown on the question by the preceding *Section* 3039 (*Rev. Code*, 1915), which makes it the duty of the probation officers "to furnish the court such information and assistance as the court may require." *Section* 3040, we think, means, when properly and reasonably construed, this: If the court be satisfied by information received from its probation officers, and due proof under oath, that the defendant has violated the terms of its support order, it may forthwith proceed with the trial, impose sentence under the original conviction, or enforce the suspended sentence, as the case may be.

[2] But, it being clear from the facts above stated that the sentence of imprisonment for one year was imposed under the original conviction of the petitioner, after he had been discharged by the order of the Federal Court, and after he had served fourteen days imprisonment under a sentence imposed under the same conviction, it is manifest that the total imprisonment imposed exceeded the term of one year, and was, therefore, not warranted by the statute (*Rev. Code* 1915, § 3034), which provides that a person

convicted of wilful neglect or refusal to support his wife shall be imprisoned for a period not exceeding one year.

For this reason the petitioner will be discharged.