**MEYERS v. HUNTER, Warden.**

No. 3420.

Circuit Court of Appeals, Tenth Circuit.

Feb. 24, 1947.

---

[4] Bradburn v. McIntosh, 10 Cir., 159 F.2d 925.

[5] Bradburn v. McIntosh, 10 Cir., 159 F.2d 935.

Ben Bozeman, of Denver, Colo. (Harold Taft King, of Denver, Colo., on the brief), for appellant.

Randolph Carpenter, U. S. Atty., and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

An indictment returned in the United States Court for Northern Texas charged H. L. Meyers with attempted robbery of a national bank. Conviction was had, and on October 12, 1936, the court imposed a sentence of twenty-five years imprisonment in the federal penitentiary at Leavenworth, Kansas. After serving a portion of the sentence, the defendant filed in the case a motion challenging the sentence on the ground that the maximum penalty for the crime charged in the indictment was twenty years. The motion was denied. On appeal, the circuit court of appeals held that the maximum punishment for the offense as laid in the indictment was twenty years.

The court reversed the judgment and remanded the cause with directions that the defendant be brought before the district court for resentence. Meyers v. United States, 5 Cir., 116 F.2d 601. Pursuant to that command, the district court on April 14, 1941, imposed a sentence of fifteen years in the penitentiary.

By petition filed in the United States Court for Kansas on February 19, 1946, Meyers sought discharge from further confinement in the penitentiary at Leavenworth. The gravamen of the action was that the second sentence in the criminal case should have provided that it begin as of the date of the first sentence, or that in computing the time petitioner had served the time served under the first sentence should be added to that served under the second; and that with allowance for good conduct he had served more than fifteen years and therefore should be freed. The Warden responded, petitioner was produced in court, evidence was submitted, the petition for the writ was denied, and petitioner appealed.

The question presented is whether the second sentence should be treated as though the time served under it began as of the date of the imposition of the first sentence. If so, with allowance for good conduct, the second sentence has been served in full. Otherwise, part of it remains to be served. The second judgment expressly provides that the sentence shall be for a term of fifteen years from the date of that judgment, or until the defendant is otherwise discharged as provided by law. It neither provides that it shall be treated as though the time served under it began as of the date of the imposition of the original sentence nor otherwise makes provision to allow credit for the time previously served under the earlier sentence. The indictment charged an offense. The court had jurisdiction of the subject matter and of the defendant. The judgment fixed a sentence within the maximum authorized by law for the offense as laid in the indictment. And the judgment is under collateral attack here, not direct attack. It is well settled that habeas corpus cannot be substituted for a writ of review to correct an erroneous judgment in a criminal case. Nei-

ther can it be employed to modify or revise such a judgment. McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. If petitioner is entitled as a matter of law to have the second sentence begin as of the date of the imposition of the original sentence, or to have the time served under the first sentence applied as a credit on the time served under the second, his remedy is to make application in the criminal case for modification, revision, or correction of the judgment. Holiday v. Johnston, Warden, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392.

■ But assuming for the moment that the question is open to review in this proceeding, section 1 of the Act approved June 29, 1932, 47 Stat. 381, 18 U.S.C.A. § 709a, provides in material part that the sentence of imprisonment in a criminal case shall commence to run from the date on which the convicted person is received at the penitentiary for service of "said sentence". The beginning point for the computation of time served under the sentence in a criminal case is thus fixed in mandatory language, and the statute will be searched in vain for any grant of authority to the court to provide that the time already served under an erroneous or void judgment in the case shall be applied as a credit on the valid sentence. In De Benque v. United States, 66 App.D.C. 36, 85 F.2d 202, 106 A.L.R. 839, certiorari denied, 298 U.S. 681, 56 S.Ct. 960, 80 L.Ed. 1402, rehearing denied, 299 U.S. 620, 57 S.Ct. 6, 81 L.Ed. 457, the accused was sentenced under an indeterminate sentence law in the District of Columbia to imprisonment for a period of not less than two nor more than four years. After serving approximately twenty-five months, she filed a proceeding in habeas corpus on the ground that the sentence was void. An order of discharge from further service under the sentence was entered, but the petitioner was remanded to the custody of the marshal in order that she might be taken before the court for resentence in the criminal case. A new sentence of fifteen months was imposed. The defendant appealed, contending among other things that the second sentence should have been so imposed as to commence to run as of the date of the original sentence.

But the court rejected the contention and upheld the sentence, as imposed.

The order denying the petition for the writ is

Affirmed.