**SMITH v. WATERS, Warden, Oklahoma State Penitentiary.**

No. 4565.

United States Court of Appeals Tenth Circuit.

Jan. 23, 1953.

Appellant filed a brief pro se.

Owen J. Watts, Asst. Atty. Gen. of Oklahoma (Mac Q. Williamson, Atty. Gen. of Oklahoma, on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PER CURIAM.

Smith, hereinafter called petitioner, was charged by information filed in the District Court of Kay County, Oklahoma, with a violation of Title 21, § 652, O.S.1941. He entered a plea of guilty to the information. The state court, erroneously believing that Title 21, § 42, O.S.1941 was applicable with respect to the sentence to be imposed, sentenced the petitioner for a term of 50 years. Petitioner was received at the Oklahoma State Penitentiary and served 6 years, 3 months, and 13 days under such sentence. He brought an original proceeding in habeas corpus in the Criminal Court of Appeals of Oklahoma. That court held that the sentence imposed under Title 21, § 42, O.S.1941 was void; that the proceedings up to the imposition of sentence were regular and valid and "in full force and effect" and remanded the petitioner to the District Court of Kay County, Oklahoma, for resentencing in accordance with the provisions of Title 21, § 652, O.S.1941. See Ex parte Smith, Okl.Cr.App., 246 P.2d 389. The District Court of Kay County sen-

tenced petitioner to serve a term of four years in the Oklahoma State Penitentiary. Petitioner filed an application for a writ of habeas corpus in the court below. From an order denying the writ, petitioner has appealed.

The judgment is affirmed on authority of McCleary v. Hudspeth, 10 Cir., 124 F.2d 445, 447, and cases cited in note 4; United States v. Bozza, 3 Cir., 155 F.2d 592, 595; Id., 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818; Meyers v. Hunter, 10 Cir., 160 F.2d 344, 346; De Benque v. United States, 66 App. D.C. 36, 85 F.2d 202, 205–206, 106 A.L.R. 839.