Tom E. ALSTON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18750.

United States Court of Appeals District of Columbia Circuit.

Dec. 29, 1964.

Messrs. Harry M. Plotkin and George H. Shapiro, Washington, D. C., for appellant.

Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Jerome Nelson, William C. Weitzel, Jr. and John R. Kramer, Asst. U. S. Attys., for appellee.

Before BAZELON, Chief Judge, and BURGER and McGOWAN, Circuit Judges, in Chambers.

ORDER

PER CURIAM.

On consideration of appellee's motion to postpone oral argument in the above-entitled case now scheduled for December 17, 1964, and of appellant's reply thereto, it is

ORDERED by the court that appellee's aforesaid motion be granted and the Clerk is directed to schedule this case for oral argument on a day after January 2, 1965, as the business of the court will permit.

BAZELON, Chief Judge (dissenting):

This case is before us on the Government's request for postponement of argument. Appellant was admitted to bail pending appeal by previous order of this court, but remains in prison because he is financially unable to provide bond in the amount set. I would not postpone argument unless this court *sua sponte* re-

---

duces bond to an amount appellant can provide.

Appellant's conviction of manslaughter rests largely on admission of his confession which he claims is barred by Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). Although the trial court refused bail pending appeal, this court admitted appellant to bail and set bond at $2,500, thus determining that this appeal is not "frivolous or taken for delay," Rule 46(a) (2), FED.R.CRIM.P., and that appellant was, considering the nature of his alleged offense, not so dangerous to the community as to render release on bail inappropriate. Compare Pannell v. United States, 115 U.S.App.D.C. 379, 382, 320 F.2d 698, 701 (1963).

It now appears that appellant is financially unable to provide bond in the amount of $2,500. The only purpose of the bond is to "insure the presence of the defendant," Rule 46(c), FED.R.CRIM.P. "To continue to demand a substantial bond which the defendant is unable to secure raises considerable problems for the equal administration of the law [citing Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956)]." Bandy v. United States, 81 S.Ct. 197, 5 L.Ed.2d 218 (1960) (Mr. Justice Douglas as Circuit Justice).[1] We need not reach the question here whether it is ever permissible to deny release on bail solely because of financial inability to provide bond. We should decide only that, since appellant has now demonstrated his financial inability to provide bond, this court is compelled to search diligently for devices, other than appellant's financial resources, which would "insure [his] presence," or to reassess with great care such factors as appellant's ties with the community or prior criminal record, if any, to determine whether the previous bond requirement was in fact necessary to "insure [his] presence." The presumption favoring release on bail pending appeal [2] also requires such inquiry.

I think the record supports a determination that appellant's presence may be insured if bond is reduced to an amount he can provide, if during his release appellant is subject to the supervision of the Probation Office of the District Court. Appellant has long-standing ties in the community, excellent prospects for employment on release, and no prior criminal record. On the recommendation of the District of Columbia Bail Project, appellant was released on $100 personal bond before trial, and he was present for trial. Moreover, the fact that the court now postpones argument in this appeal, at the Government's request, militates strongly toward admitting appellant to bail with bond set at an amount he can afford.[3]

---

1. See Bandy v. United States, 82 S.Ct. 11, 7 L.Ed.2d 9 (1961) (Mr. Justice Douglas as Circuit Justice).

2. See Leigh v. United States, 82 S.Ct. 994, 996, 8 L.Ed.2d 269 (1962) (Chief Justice Warren as Circuit Justice for the District of Columbia Circuit) ("[B]ail [pending appeal] should ordinarily be granted * * *."); Bandy v. United States, 81 S.Ct. 197, 198, 5 L.Ed.2d 218 (1960) (Mr. Justice Douglas as Circuit Justice) ("[T]he right to release is heavily favored."); Ward v. United States, 76 S.Ct. 1063, 1 L.Ed.2d 25 (1956) (Mr. Justice Frankfurter as Circuit Justice).

3. See Leigh v. United States, 82 S.Ct. 994, (1962) (Chief Justice Warren as Circuit Justice for the District of Columbia Circuit); Ellis v. United States, 79 S.Ct. 428, 3 L.Ed.2d 565 (1959) (Chief Justice Warren as Circuit Justice for the District of Columbia Circuit); Ward v. United States, 76 S.Ct. 1063, (1956) (Mr. Justice Frankfurter as Circuit Justice).