**Willie L. SHORT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18940.**

United States Court of Appeals
District of Columbia Circuit.

Feb. 11, 1965.

See also 120 U.S.App.D.C. ——, 344
F.2d 550.

Before BAZELON, Chief Judge, and
FAHY and WRIGHT, Circuit Judges, in
Chambers.

ORDER

PER CURIAM.

On consideration of appellant's motion
for bail pending appeal, of appellee's op-
position thereto and appellant's reply, it
is

ORDERED by the court that appellant's
aforesaid motion for bail is denied.

BAZELON, Chief Judge (dissenting):

Appellant was arrested on September
15, 1962, on a charge of attempted rob-
bery. The District Court granted bail
before trial and set bond at $9,000; fol-
lowing his conviction, the District Court
granted leave to appeal in forma pau-
peris and granted bail pending appeal
with bond at $3,500. But appellant re-
mained in prison from the date of his
arrest because he could neither afford
the required bond before trial nor pend-
ing appeal. This court refused to re-
duce the required bond pending appeal.
Appellant's conviction was reversed by
this court en banc on July 16, 1964. On
remand to the District Court, appellant
pleaded guilty to the lesser charge of at-
tempted robbery. On September 25,
1964, the trial court imposed a sentence
of one to three years but refused to cred-
it appellant with the two years and ten
days imprisonment from his arrest.
Pending his appeal from that sentence,
appellant now seeks release on bail.

Appellant alleges that his sentence vio-
lated the maximum three-year statutory
term for attempted robbery since the fail-
ure to credit him with prior confinement
will subject him to imprisonment for at
least three years and ten days and per-
haps as much as five years and ten days.
A substantial portion of his prior confine-
ment occurred solely because he could not
afford bond in the required amount. Ap-
pellant says that the court's refusal to
credit him with this confinement works
an invidious discrimination on him be-
cause of his poverty.[1]

These matters make plain that the ap-
peal is far from "frivolous or taken for
delay." Rule 46(a) (2), FED.R.CRIM.
P.[2] It must be assumed that the District
Court, and this court, in previously ad-
mitting appellant to bail pending appeal
have determined that he was a fit subject
for such release.[3] The supervening re-
versal and resentence present no reason
to alter that determination. In addition,
if appellant's position is sustained on ap-
peal, he will have been eligible for re-
lease on parole on December 7, 1964, and
his present imprisonment will subject
him to irreparable harm.[4] For the fore-
going reasons, I would admit appellant
to bail pending appeal. And since it now
appears that he cannot afford to pay for
a bond, I think he may properly be re-
leased on his personal recognizance, un-

1. Compare Bandy v. United States, 81 S.
Ct. 197, 5 L.Ed.2d 218 (1960), 82 S.Ct.
11, 7 L.Ed.2d 9 (1961) (Mr. Justice
Douglas as Circuit Justice); Alston v.
United States, 120 U.S.App.D.C. ——,
343 F.2d 345, per curiam order dated
December 29, 1964 (dissenting opinion of
Bazelon, C. J.).

2. Cf. Ward v. United States, 76 S.Ct. 1063,
1 L.Ed.2d 25 (1956), (Mr. Justice Frank-
furter as Circuit Justice).

3. See Pannell v. United States, 115 U.S.
App.D.C. 379, 380, 320 F.2d 698, 699
(1963) (opinion of Bazelon, C. J.).

4. See Ellis v. United States, 79 S.Ct. 428,
3 L.Ed.2d 565 (1959) (Chief Justice
Warren as Circuit Justice for the Dis-
trict of Columbia Circuit); Leigh v. Unit-
ed States, 82 S.Ct. 994, 8 L.Ed.2d 269
(1962) (Chief Justice Warren as Circuit
Justice for the District of Columbia Cir-
cuit).

der the supervision of the United States Probation Office. My view is fortified by appellant's excellent record while in prison and his assurance that, if released, he will reside with relatives in the District of Columbia and he will be employed by a former employer.

FAHY, Circuit Judge:

The dissent of Chief Judge BAZELON prompts this explanation of my view that appellant should not be released now on his personal recognizance.

First I note that the opinions referred to by Judge BAZELON involved bail pending appeals which questioned convictions on appeal. Appellant's case is not of that character. He does not question his conviction. After our reversal of his earlier conviction, in which I joined, he pled guilty to the crime for which he is now serving sentence. He challenges the duration of the sentence then imposed, claiming credits which were not taken into account. In this situation, where guilt is conceded, the discretion of the court respecting bail pending the appeal is broader than when the appeal challenges the validity of the conviction itself. Should appellant be entitled to all the credits which he seeks it is not clear he has served the portion of his sentence which would remain unaffected.

Appellant's conceded guilt is of a serious crime of violence involving the use of arms endangering life.[1] The District of Columbia Bail Project, which has been of great help to our courts in such matters, looked into the matter of his possible release on personal recognizance after this court's reversal of the earlier conviction and found he did not qualify for such release under the criteria of the Project.

The appeal has been argued and is under submission. No doubt it will be decided at an early date. Should it result favorably to appellant's contentions, which are indeed not frivolous, he may soon gain his freedom as of right, having served his lawful sentence. But I think in all the circumstances we should not release him now on his own recognizance as an exercise of discretion on our part.

[1]. The opinions of members of the Supreme Court referred to in Judge Bazelon's dissent did not involve crimes of violence. In Bandy v. United States, 81 S.Ct. 197 (1960) Mr. Justice Douglas did not grant bail at all. He denied bail without prejudice to further consideration of the matter by the Court of Appeals; nor did he disturb his earlier decision in 82 S.Ct. 11 (1961). In Ward v. United States, 76 S.Ct. 1063 (1956) the crime was nonviolent, involving the revenue laws. So, too, in Ellis v. United States, 79 S.Ct. 428 (1959), which involved operating a lottery. In Leigh v. United States, 82 S.Ct. 994 (1962), which arose in this jurisdiction and in which I dissented from denial of bail by this court, the offenses were forgery and issuing bad checks.