Willie L. SHORT, Jr., Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18940.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 14, 1964.

Decided Feb. 23, 1965.

Supplemental Opinion March 19, 1965.

---

Mr. Harris Weinstein, Washington, D. C. (appointed by this court), for appellant.

Mr. Martin R. Hoffmann, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker, Joel D. Blackwell and Barry I. Fredericks, Asst. U. S. Attys., were on the brief, for appellee. Mr. John A. Terry, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and FAHY and WRIGHT, Circuit Judges.

BAZELON, Chief Judge:

Appellant was arrested on September 15, 1962, on a charge of attempted robbery and later he was indicted for this and three other robbery charges. He was unable to provide the bond set at $9,000. After trial he was convicted on one count of robbery and one count of assault with intent to rob. On February 15, 1963, he was sentenced on each count from four to twelve years, the two sentences to run concurrently. The District Court granted leave to appeal in forma pauperis and granted bail pending appeal with bond at $3,500. Appellant remained in pris-

on because he could not provide that amount of bond, and this court refused to reduce the amount. While in prison, appellant earned the maximum good conduct allowances [1] and received an additional thirty-days credit for heroism in saving the life of a fellow-prisoner. Appellant's conviction was reversed by this court en banc on July 16, 1964. On remand to the District Court, appellant pleaded guilty to one count of attempted robbery and the other counts were dismissed. On September 25, 1964, the trial court imposed a sentence of one to three years—the maximum statutory imprisonment for attempted robbery—and refused to credit appellant with any time already served in prison, or with the good conduct reductions he had earned. This appeal followed.

Pending appeal from his first conviction, appellant refused to elect not to commence service of sentence and he was imprisoned at Lorton Reformatory. He could, therefore, believe that he was in prison to serve time in satisfaction of his conviction for robbery. But the Government argues, in effect, that this belief would only be correct if the conviction were affirmed on appeal. Under this view, reversal of the conviction is a misfortune for appellant because the time he spent in prison had no purpose and should be ignored.[2] This argument was answered in King v. United States, 69 App.D.C. 10, 12–13, 98 F.2d 291, 293–94 (1938):

"The Government's brief suggests, in the vein of The Mikado, that because the first sentence was void appellant 'has served no sentence but has merely spent time in the penitentiary;' that since he should not have been imprisoned as he was, he was not imprisoned at all. The brief deduces the corollary that his non-existent punishment cannot possibly be 'increased.' As other corollaries it might be suggested that he is liable in quasi-contract for the value of his board and lodging, and criminally liable for obtaining them by false pretences. We cannot take this optimistic view. Though appellant's first sentence was 'void,' he was threatened with and suffered imprisonment under it. His second sentence, from which he now appeals, increases his punishment both in length and in kind beyond that which he faced under the first."

 King, supra, and DeBenque v. United States [3] hold that in some circumstances a defendant may be subjected to increased punishment on resentence if he successfully appeals a sentence. Punishment could not be increased to penalize a defendant for exercising his right of appeal; [4] nor could the increase be imposed in order to ignore "the reversal of the judgment but, in effect, * * * merely to justify the original sentence * * *." Yates v. United States, 356 U.S. 363, 366, 78 S.Ct. 766, 768, 2 L.Ed. 2d 837 (1958). Punishment may be increased on resentence, however, if the court determines, in proper exercise of its discretion, that such increase serves

1. 18 U.S.C. § 4161.

2. Rule 38(a) (2), requiring an election *not* to commence service of sentence to stay the sentence pending appeal, was adopted because the former rule, which required a positive election to commence service pending appeal, "sometimes worked a hardship upon defendants who remained in custody for substantial periods pending an appeal, but received no credit on their sentence because, ignorant of the rule, they had not made the necessary election * * *." Norris v. United States, 190 F.2d 186, 187 (5th Cir. 1951). The Government's position is. that a defendant who succeeds on appeal cannot elect to commence service of sentence pending appeal so that he may be credited with time served if convicted on any retrial. Such differential treatment between those who fail and those who succeed on appeal would give a curious advantage to those whose appeals have no merit.

3. 66 App.D.C. 36, 85 F.2d 202, 106 A.L.R. 839 (1936).

4. See United States v. Wiley, 278 F.2d 500 (7th Cir. 1960), where the court held a sentence imposed to punish defendant for exercising his right to plead not guilty was an abuse of discretion by the sentencing court.

a valid purpose. But as *King* points out, *supra,* when the court increases punishment on resentence, it does not treat the prior punishment as non-existent.

■ The question here is whether appellant's sentence may properly be increased so that his total imprisonment for a single offense exceeds the maximum statutory punishment for that offense. There is no explicit provision authorizing credit against the maximum sentence for imprisonment prior to resentencing for the same offense. Nor does any provision explicitly preclude such credit. The Federal cases have dicta pointing both ways [5] but the only appellate holding allows credit against the statutory maximum for time already served. Cook v. United States, 171 F.2d 567, 570 (1st Cir.1948). This rested on a statement in *King* that, although punishment may be increased on resentence, "[t]his is by no means to say that punishment inflicted under a void sentence may be ignored in determining whether a resentence subjects the prisoner to more punishment than the legal maximum for his offense." 69 App.D.C. at 14 n. 3, 98 F.2d at 295 n. 3. The contrary view, that the "defendant in seeking and obtaining a new trial must be deemed to have consented to a

wiping out of all the consequences of the first trial," [6] falls into "the vein of The Mikado." Because no statute explicitly precludes such credit, we hold that, on resentence for the same offense, a defendant's new sentence may not be such that his total time served in prison might exceed the maximum statutory punishment for that offense.

■■ Two questions remain. The first is whether appellant should be credited with the good conduct reductions he earned while serving the "void" sentence. The statute provides that the prisoner "shall be entitled to a deduction * * * beginning with the day on which the sentence commences to run * * *." 18 U.S.C. § 4161. Federal jurisdictions conflict on whether this provision authorizes credit on resentence for the same offense.[7] In King v. United States, *supra,* we said that "[i]t is impossible to interpret the statute * * * so broadly" as to give credit for earned good conduct reductions on resentence. 69 App.D.C. at 12 n. 1, 98 F.2d at 293 n. 1. It now appears, however, that this argument proceeds from the wrong premise. The purpose of the statutory good conduct allowance is to reward a prisoner who "has faithfully observed all the rules

---

5. *For credit:* Tinkoff v. United States, 86 F.2d 868, 880 (7th Cir. 1936). Where, under the Federal bank robbery statute, separate sentences had been imposed for the same offense, thus subjecting defendants to double jeopardy, it has been held that "proper credit for the time served" under the "void" sentences must be granted. Holbrook v. United States, 136 F.2d 649, 652 (8th Cir. 1943); Gant v. United States, 161 F.2d 793 (5th Cir. 1947); Ekberg v. United States, 167 F.2d 380 (1st Cir. 1948). *Against credit:* Meyers v. Hunter, 160 F.2d 344, 346 (10th Cir. 1947); Howell v. United States, 199 F.2d 366 (4th Cir. 1952).

6. State v. White, 262 N.C. 52, 136 S.E.2d 205, 208 (1964). Decisions on this question in State jurisdictions are in conflict, often within the same jurisdiction. See, *e.g.,* Stonebreaker v. Smyth, 187 Va. 250, 46 S.E.2d 406 (1948) (credit); Ex parte Leypoldt, 32 Cal.App.2d 518, 90 P.2d 91 (1939) (credit); Lewis v. Commonwealth, 329 Mass. 445, 108 N.E.2d

922, 35 A.L.R.2d 1277 (1952) (credit); Kozlowski v. Board of Trustees of New Castle County Workhouse, 32 Del. 29, 118 A. 596 (1921) (credit); People v. Gilbert, 163 Mich. 511, 128 N.W. 756 (1910) (credit); In re Doelle, 323 Mich. 241, 35 N.W.2d 251 (1948) (no credit); People v. Huber, 389 Ill. 192, 58 N.E.2d 879 (1945) (credit); People v. Williams, 404 Ill. 624, 89 N.E.2d 822 (1950) (no credit); State v. Richard, 99 N.H. 126, 106 A.2d 194 (1954) (credit); Freeman v. State, 87 Idaho 170, 392 P.2d 542 (1964) (credit). For a compilation of State cases denying credit, see State v. White, *supra.* See also 5 WHARTON, CRIMINAL LAW AND PROCEDURE § 2216 (1957).

7. *For credit:* McDonald v. Moinet, 139 F.2d 939 (6th Cir. 1944); Youst v. United States, 151 F.2d 666 (5th Cir. 1945). *Against credit:* United States ex rel. Hurwitz v. Alexander, 150 F.2d 1013 (2d Cir. 1945); Meyers v. Hunter, 160 F.2d 344 (10th Cir. 1947).

\* \* \*." 18 U.S.C. § 4161. The allowances are an important part of the rehabilitative effort. To forfeit earned reductions in sentence on the ground that the original sentence should never have been imposed is to make a mockery of the prisoner's exemplary conduct while in prison, and seriously to undermine the rehabilitative purpose of the reduction. Moreover, it would substantially inhibit exercise of the statutory right to appeal.[8] Thus the statutory provision must be interpreted as authorizing credit for earned good time reduction on resentence for the same offense, because the statute does not explicitly deny such credit.

The next question we face is whether the time appellant served in prison prior to his first trial and sentence, because he could not provide bail, should be credited against the maximum statutory term. Judges Fahy and Wright think that appellant should be credited with this imprisonment for want of bail pursuant to 18 U.S.C. § 3568. Their reasons are set forth in Judge Fahy's opinion herein. My own view is that statutory credit for "any days spent in custody prior to the imposition of sentence \* \* \* for want of bail \* \* \*" is provided only where "the statute requires the imposition of a minimum mandatory sentence" for the offense of which the defendant is ultimately convicted. 18 U.S.C. § 3568. Since no statutory minimum sentence is set for attempted robbery,[9] for which appellant was convicted, credit for presentence imprisonment is not mandatory under this provision.[10]

I think that appellant may, however, be entitled to credit for presentence imprisonment because he was denied his constitutional right to bail. In Yates v. United States, 356 U.S. 363, 78 S.Ct. 766 (1958), the Supreme Court held imprisonment due to excessive bail "is to be deemed in satisfaction of \* \* \*" the sentence ultimately imposed. 356 U.S. at 367, 78 S.Ct. at 769.[11] In this case,

---

8. But this inhibition has not yet been recognized as sufficient reason to bar an increased sentence following reversal and retrial for the same offense. See, e.g., King v. United States, 69 App.D.C. at 15, 98 F.2d at 296:

> "It may be argued, first, that [appellant] should not be penalized because [the first sentence] was unlawful; and second, that future prisoners who may be sentenced unlawfully should not be deterred from protest by fear of increased severity. There is force in these considerations: but as arguments for exercising judicial discretion in the prisoner's favor they must be addressed to the trial court, and as arguments for a rule of law in his favor they must be addressed to the Supreme Court or to Congress."

9. D.C.Code § 22–2902 provides: "Whoever attempts to commit robbery \* \* \* by an overt act, shall be imprisoned for not more than three years or be fined not more than five hundred dollars, or both." Appellant argues that D.C.Code § 24–203(a) which provides that sentence must be imposed in all cases "for a minimum period not exceeding one-third of the maximum sentence imposed" amounts to a "minimum mandatory sentence" within 18 U.S.C. § 3568. But since the mini-

mum sentence imposed under D.C.Code § 24–203(a) is wholly dependent on the maximum sentence imposed at the court's discretion, this statutory minimum is not "mandatory" in the terms of 18 U.S.C. § 3568.

10. In applying this statutory provision, appellant should be put in as favorable a position—but no better position—than if he had originally been convicted of attempted robbery. To credit appellant on resentence under § 3568 is to give him an arbitrary advantage over a defendant who is imprisoned pre-trial for want of bail but is properly convicted at his first trial of an offense carrying no minimum mandatory sentence.

11. In Yates, the Court reduced defendant's sentence for criminal contempt from one year to seven months imprisonment. Later, in Brown v. United States, 359 U.S. 41, 52, 79 S.Ct. 539, 3 L.Ed.2d 609 (1959), the Court referred to Yates as establishing authority to reduce sentences in criminal contempt cases. But I think this apparent limitation of appellate authority to reduce sentences does not affect the question in Yates of credit for imprisonment due to excessive bail. For the Court reduced the sentence to seven months—the time served because of excessive bail—and did not purport to re-

pretrial bond was set at $9,000. The record before us is not clear whether the required bond was excessive because it was "set at a figure higher than an amount reasonably calculated to fulfill * * * the purpose of assuring the presence of the defendant." Stack v. Boyle, 342 U.S. 1, 5, 72 S.Ct. 1, 3, 96 L.Ed. 3 (1951). I would remand for the District Court to determine whether appropriate inquiry was made,[12] when bail was set, to ascertain the lowest financial bond which would "insure the presence of the defendant, having regard to the nature and circumstances of the offense charged, the weight of the evidence against [the defendant], the financial ability of the defendant to give bail and the character of the defendant." Rule 46(c), FED.R.CRIM.P. If no such inquiry was made, or if $9,000 bond was "a figure higher than an amount reasonably calculated to fulfill" the purpose of the bond, then appellant is entitled to credit for his presentence imprisonment.

Appellant's allegation that he was financially unable to provide the bond required raises an additional constitutional problem. "To continue to demand a substantial bond which the defendant is unable to secure raises considerable problems for the equal administration of the law [citing Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956)]." Bandy v. United States, 81 S.Ct. 197, 5 L.Ed.2d 218 (1960) (Mr. Justice Douglas as Circuit Justice). If appellant's allegations of financial inability are true, this condition should have been apparent upon proper inquiry when bond was set. See Rule 46(c), FED. R.CRIM.P., *supra*. If the judicial officer who set bail did find, or should have found, that appellant was financially unable to provide bond in the amount required, that officer was constitutionally required to search diligently for other devices which would "insure the presence of the defendant," [13] and to assess with great care such factors as appellant's ties with the community or prior criminal record, if any, to determine whether appellant could be released on personal recognizance.[14] If on remand the District Court found that no such inquiry was made or that devices other than financial bond would have been adequate assurance

---

duce defendant's sentence to fifteen days, which was the time she spent in prison following the contempt conviction. See the dissenting opinion, 356 U.S. at 367, 78 S.Ct. 766. The Court's holding that imprisonment because of excessive bail must be credited against the sentence ultimately imposed was distinct from its reduction of the one year sentence.

12. "Since the function of bail is limited, the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of *that* defendant. The traditional standards as expressed in the Federal Rules of Criminal Procedure are to be applied *in each case to each defendant*." Stack v. Boyle, 342 U.S. 1, 5, 72 S.Ct. 1, 4 (1951) (emphasis supplied).

See Hairston v. United States, 120 U.S. App.D.C. ——, 343 F.2d 313, per curiam order dated Feb. 2, 1965 (dissenting opinion); Pelletier v. United States, 120 U.S. App.D.C. ——, 343 F.2d 322, per curiam order dated Feb. 16, 1965 (separate opinion); Heikkinen v. United States, 208 F.2d 738, 742 (7th Cir. 1953).

13. See Bandy v. United States, 82 S.Ct. 11, 7 L.Ed.2d 9 (1961) (Mr. Justice Douglas as Circuit Justice); Alston v. United States, 120 U.S.App.D.C. ——, 343 F.2d 345, per curiam order dated Dec. 28, 1964 (dissenting opinion).

14. Compare Price v. United States, No. 18901, per curiam order dated Jan. 21, 1965, for a statement of factors which may be relevant to this determination in individual cases. See also Freed & Wald, BAIL IN THE UNITED STATES: 1964, Ch. VI.

An affidavit attached to appellant's reply brief indicates that appellant was interviewed by an employee of the District of Columbia Bail Project on August 20, 1964, in connection with a motion for bond pending appeal, and that the Bail Project "did not recommend [appellant] for release on personal recognizance because [he] did not qualify for such release according to the criteria of the Project." Whether there was any judicial inquiry regarding release on personal recognizance before trial does not appear in the record.

of appellant's presence, then appellant would be entitled to credit for his presentence imprisonment.

I would set aside the sentence imposed and remand the case for further proceedings consistent with this opinion.

FAHY, Circuit Judge, with whom WRIGHT, Circuit Judge, joins:

We agree that appellant when resentenced on his plea of guilty for attempted robbery, after reversal of his conviction of robbery, was entitled to credit, against the maximum term the court imposed for attempted robbery, for the time he had been imprisoned after the prior sentence for robbery; and we concur also that he was entitled to credit for earned good conduct reductions. Moreover, in the circumstances of this case we think appellant's maximum sentence for attempted robbery is not only subject to the reductions above and hereinafter referred to, but that his imprisonment under such sentence may not validly exceed the maximum statutory punishment for attempted robbery less such reductions.

As to the time appellant served in prison prior to his sentence for robbery, we think no remand to the District Court is required to determine whether he is entitled to credit therefor. In our view credit for the days of his imprisonment prior to the sentence for robbery does not depend upon such a procedure. On his conviction of robbery appellant was sentenced from four to twelve years. Robbery is an offense which requires the imposition of a minimum mandatory sen-

tence. 22 D.C.Code § 2901. Such a sentence was imposed. Therefore, 18 U.S.C. § 3568 (Supp. V, 1959–63) applied. It provides that the Attorney General shall give a person so sentenced credit toward service of his sentence for any days spent in custody prior to the imposition of sentence "for want of bail set for the offense." The full pertinent provisions are set forth in the margin.[1] Whatever the cause there was in this case a "want of bail set for the offense." Accordingly appellant is entitled to credit for the days spent in custody prior to the imposition of the robbery sentence. The fact that the statute provides that the Attorney General shall give the credit does not prevent the credit from having accrued in this case.

Our reversal of the conviction of robbery did not wipe out this credit for previous imprisonment applicable to the sentence for robbery. Such imprisonment need not be served again. It reduces by its amount the total imprisonment to which appellant may be subjected in this case. For this is not a case where the sentence finally imposed for attempted robbery, after our reversal, upon the plea of guilty to the lesser offense, was for an entirely different offense, the sentence for which is altogether independent of the one previously imposed for the greater offense. The events which constituted the attempted robbery were the same events which led to the conviction of robbery, that is, the attempted robbery was a lesser included offense in the indictment for robbery. It was not an attempt to commit a different robbery. Accord-

1. "§ 3568. Effective date of sentence; credit for time in custody prior to the imposition of sentence

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: *Provided,* That the Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want

of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence.

"If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term. As amended Sept. 2, 1960, Pub.L. 86–691, § 1(a), 74 Stat. 738."

ingly, that part of the sentence served under the conviction of robbery, including the imprisonment prior to sentence for want of bail, should be taken into account in calculating the period of imprisonment necessary to equal the maximum sentence imposed for the lesser included offense. This avoids the possibility that the imprisonment might exceed such maximum, which it may not validly do.[2]

The sentence for robbery was not void though the robbery conviction was erroneous. And even if void the imprisonment prior to the sentence was real and drew the credit granted by Section 3568. This credit does not depend upon the ultimate validity of the robbery conviction, when the same events which led to that conviction eventuated in imprisonment for a lesser included offense.

We set aside the sentence imposed and remand the case for further proceedings consistent with this opinion.

It is so ordered.

### Supplemental Opinion

FAHY, Circuit Judge, with whom WRIGHT, Circuit Judge, joins:

In our opinion of February 23, 1965, it was held that appellant was entitled to credit on his sentence for attempted robbery for the time he was in custody prior to the imposition of the sentence for robbery, his conviction for that offense having been reversed by this court July 16, 1964. We relied upon 18 U.S.C. § 3568 (Supp. V, 1959–63) which provides that a person convicted of an offense under a statute which requires the imposition of a minimum mandatory sentence, as in the case of robbery, shall be given credit by the Attorney General for any days spent in custody for want of bail prior to the imposition of sentence. We relied also upon the belief that the sentence for attempted robbery upon his

plea of guilty to that offense after our reversal of the robbery conviction was for an attempted robbery growing out of the same events which had led to the conviction of robbery; that is, was a lesser included offense. In this we are advised and now agree we were mistaken. The attempted robbery to which appellant pleaded guilty, and which led to the present sentence grew out of conduct of August 3, 1962, which resulted originally in an indictment for assault with intent to commit robbery, whereas the conviction of robbery grew out of events of July 28, 1962. The plea of guilty of attempted robbery, the basis for the present sentence, was based on events which had resulted in appellant's conviction of the offense of assault with intent to commit robbery, also reversed by our decision of July 16, 1964.

We reach the same result, notwithstanding the above, set forth in our opinion of February 23, 1965, for reasons now explained. Each of the offenses of which appellant was originally convicted resulted in a sentence of four to twelve years. One of these offenses was robbery for which there is a minimum mandatory sentence. 22 D.C.Code § 2901. There is no minimum mandatory sentence for assault with intent to commit robbery. 22 D.C.Code § 501. But the sentence for assault with intent to commit robbery was concurrent with that for robbery. Appellant was sentenced for each offense to the same term of imprisonment, at the same time. To give credit for the days spent in custody prior to sentence for the robbery, for want of bail, but not to credit the same days on the concurrent sentence for assault with intent to commit robbery would be like trying to separate the inseparable.[1] When the two convictions were reversed the present sentence was imposed for an attempted robbery which grew out of the same facts as were involved in the reversed conviction

---

2. In King v. United States, 69 App.D.C. 10, 98 F.2d 291 (1938), the increased imprisonment on resentence which was upheld as valid still remained within the maximum authorized for the offense.

1. There was only one arrest and taking into custody.

of assault with intent to commit robbery. Accordingly, and because the original sentences are inseparable insofar as the pre-sentence credit is concerned, such credit applies under the reasoning of our opinion of February 23. Moreover it seems clear from all the circumstances of this case that the present sentence for attempted robbery, after our reversal of the convictions of robbery and of assault with intent to commit robbery, grew out of an arrangement between the prosecution and the defense under which a plea of guilty to attempted robbery was accepted and all other charges were dismissed. This also precludes an entire separation of the events involved in the two offenses insofar as the resulting sentence and allowable credits are concerned.

■ Our conclusion is consistent with the purpose of Section 3568. The provision that days spent in custody prior to sentence for want of bail are to be credited when the sentence later imposed carries by statute a mandatory minimum, 18 U.S.C. § 3568, *supra*, is to insure credit which it is assumed would be given except that a statutory minimum is required. It is a reasonable assumption that Congress thought the sentencing judge would not feel free to give such credit where Congress had required a specific minimum sentence. To make certain that the credit nevertheless would be given Congress provided that it should be given. See H.R.Rep. 2058, 86th Cong. 2d Sess. (1960) U. S. Congressional and Administrative News, p. 3288. Where there is no mandatory minimum, however, there was no need for Congress so to provide, for the sentencing judge would be free to give the credit. While this is not conclusive that the credit should in all cases be given by the sentencing judge where no mandatory minimum is fixed, it strongly supports the position we take in this case where the days in custody prior to sentence were prior to both a mandatory minimum sentence and a concurrent sentence of the same beginning and ending though not required by statute to be of minimum duration.

We accordingly adhere to the conclusion that appellant is entitled to credit for the days spent in custody for want of bail prior to his sentencing for robbery and assault with intent to commit robbery. But we limit our decision to the special facts of this case.