John Lee **TININ**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 8509.

United States Court of Appeals
Tenth Circuit.

June 8, 1966.

Gerald T. Elliott, Kansas City, Kan., for appellant.

Thomas E. Joyce, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

BREITENSTEIN, Circuit Judge.

This appeal is from the denial of a motion under Rule 35, F.R.Crim.P., for correction of sentence. After his plea of guilty to a violation of the Dyer Act, 18 U.S.C. § 2312, prisoner was sentenced on November 25, 1961, over his protest, under the Federal Youth Correction Act, 18 U.S.C. § 5005 et seq., for an indeterminate period with a potential maximum of six years. In a Section 2255 proceedings the sentence was vacated on authority of our decision in Chapin v. United States, 10 Cir., 341 F.2d 900, and on September 22, 1965, he was resentenced to a five-year term, the maximum permissible under 18 U.S.C. § 2312. The judgment and commitment provided for determination of parole eligibility under 18 U.S.C. § 4208(a) (2) and recommended to the Board of Parole and the Bureau of Prisons that consideration be given for the time served under the vacated sentence imposed on November 25, 1961.

The prisoner contends that the second sentence is erroneous because it requires him to serve in the aggregate more than the statutory maximum time for a single offense violation of § 2312. The point is well taken. See Short v. United States, D.C.Cir., 344 F.2d 550, 553. Cf. Cook v. United States, 1 Cir., 171 F.2d 567, 570, certiorari denied 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088. Our decision in Meyers v. Hunter, 10 Cir., 160 F.2d 344, certiorari denied 331 U.S. 852, 67 S.Ct. 1730, 91 L.Ed. 1860, is not to the contrary. That was a habeas corpus case in which the court held that habeas relief could not be substituted for a direct attack on an erroneous judgment

in a criminal case. Here we have a direct attack under Rule 35 in the original criminal case. The statements in Meyers relating to the start of a criminal sentence under 18 U.S.C. § 709a, now 18 U.S.C. § 3568, have no relationship to the problem of length of sentence with which we are now concerned. We find no statute either authorizing or precluding credit against the maximum sentence for imprisonment prior to resentencing for the same offense. An error in the original sentence does not require the prisoner, on resentencing to serve more than the statutory maximum for the offense.

■ The prisoner also contends that on resentence he should have credit for the good conduct time earned under 18 U.S.C. § 4161 while serving the original sentence. Such earned good conduct time is subject to forfeiture under 18 U.S.C. § 4165. No showing was made to the court below as to the amount of such time. In the prisoner's brief in this court he claims 480 days and the government brief says that he is entitled to 320 days. We must base our decision on the record and not on conflicting factual statements in the briefs. Section 4161 says that a prisoner "shall be entitled to a [good time] deduction from the term of his sentence beginning with the day on which the sentence commences to run." The split among the circuits on the question of whether the quoted language authorizes credit on resentence for the same offense is summarized in Short (344 F. 2d 550, 553). We agree with the statement in Short (344 F.2d 550, 554) that the denial of earned good time when a prisoner is resentenced for the same offense is "to make a mockery of the prisoner's exemplary conduct while in prison, and seriously to undermine the rehabilitative purpose of the reduction."

The judgment is reversed and the case remanded with directions to resentence the prisoner for a term which when aggregated with the terms of imprisonment served under the original sentence and the sentence here vacated shall not exceed the statutory maximum of five years and which will give the prisoner credit for the good time earned under those two sentences in accordance with 18 U.S.C. § 4161 and not forfeited under 18 U.S.C. § 4165.