976 F.2d 735
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph A. MARGIOTTA, Petitioner-Appellant,
v.
E.J. BRENNAN, Warden, F.C.I. Oxford, Respondent-Appellee.
 No. 91-1299.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1992.*
Decided Sept. 21, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Joseph A. Margiotta pleaded guilty to several counts of violating federal counterfeiting statutes. The district court sentenced Margiotta to a total of twenty-five years' imprisonment. During his initial incarceration in Monroe County Jail, Margiotta worked as an orderly but was denied extra good time credit for this work. Federal law bars such credit in the case of federal prisoners held in non-federal facilities unless the prisoner gets a recommendation due to meritorious work performance. 28 C.F.R. § 523.17(d). Margiotta received no such recommendation and thus was denied extra good time credit.
 
 
 2
 Margiotta filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his petition, he challenged the denial of good time credits by the Bureau of Prisons. More specifically, Margiotta claimed that the Bureau's policy violated the equal protection component of the due process clause of the Fifth Amendment because it treated prisoners held at non-federal facilities differently than those held at federal facilities. We affirm for the reasons stated in the attached order of the district court.
 
 
 3
 AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF WISCONSIN
 
 4
 Joseph A. Margiotta, Petitioner,
 
 
 5
 v.
 
 
 6
 E.J. Brennan, Warden, F.C.I. Oxford, Respondent.
 
 ORDER
 91-C-007-C
 
 7
 Jan. 25, 1991.
 
 
 8
 This is a petition for a writ of habeas corpus. Petitioner, an inmate at the Oxford Correctional Institution at Oxford, Wisconsin, claims that he is in custody in violation of the laws or Constitution of the United States. 28 U.S. § 2241. Petitioner has been granted leave to proceed in forma pauperis.
 
 
 9
 In his petition and attached exhibits, petitioner alleges the following facts.
 
 Allegations of Fact
 
 10
 On June 30, 1986, petitioner was arrested and charged with violations of federal counterfeiting statutes. On December 8, 1986, he pleaded guilty to several counts in satisfaction of all charges contained in the indictment. On February 7, 1987, petitioner was sentenced to a prison term of twenty-five years.
 
 
 11
 From June 30, 1986 through July 9, 1987, petitioner was incarcerated at the Monroe County Jail in Rochester, New York.[1] While there, petitioner was employed as an orderly. The Attorney General granted petitioner "jail credit" on his sentence for the time he spent in custody at the Monroe County Jail. However, petitioner was not recommended for "extra good time" status until July 10, 1987, when he was incarcerated and working as a cook at the Sandstone federal correctional institution. Petitioner has exhausted his administrative remedies concerning his claim for "extra good time" credit.
 
 Opinion
 
 12
 Petitioner contends that respondents' failure to credit him with extra good time for the period of his incarceration at the Monroe County Jail violates his rights under the equal protection clause of the Fifth Amendment. Petitioner is attacking the constitutionality of the federal regulations or statutes which deny him "extra good time" credit from June 30, 1986 until July 10, 1987. Under the relevant statutes and regulations, extra good time is available to all working federal inmates whether they are housed in federal or non-federal facilities. However, the government has qualified the extra good time benefit by requiring that inmates in a non-federal institution first obtain the recommendation of a responsible person employed in that institution. Inmates who are housed in federal facilities and are on work or study release programs are automatically eligible for extra good time credit. Petitioner's complaint raises the issue whether a rational justification exists for the additional requirement placed on prisoners employed in non-federal facilities.[2]
 
 
 13
 Petitioner's accumulation of good time and extra good time credits is governed by 18 U.S.C. §§ 4161 and 4162 and 28 C.F.R. §§ 523.1-523.17.[3] Section 4161 creates "statutory good time" and gives prisoners serving a definite sentence the right to a deduction of up to ten days for each month of time served, depending on the length of the sentence. LaMagna v. United States Bureau of Prisons, 494 F.Supp. 189, 191 (D.Conn.1980); 28 C.F.R. § 523.1(a). The actual granting of statutory good time depends upon the good conduct of the inmate and is within the discretion of prison authorities. Id. Section 4162 gives the Attorney General, and through him or her the Bureau of Prisons, discretion to award "extra good time" of up to five days per month for "employment in an industry or camp" or as a reward for "performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations." Id. A prisoner housed in a federal facility automatically earns extra good time while participating in work or study release programs, although such good time is subject to disallowance. 28 C.F.R. § 523.12. A working prisoner confined in a non-federal facility may earn extra good time if recommended by "a responsible person employed by the non-federal facility" and approved by federal staff. 28 C.F.R. § 523.17(d). Although 28 C.F.R. § 523.17(1) provides that a "pretrial detainee may not earn good time while in pretrial status," a pretrial detainee may be recommended for good time credit.
 
 
 14
 The purpose of statutory good time is "to aid the rehabilitative process and to mitigate the severity of punishment by rewarding a prisoner for his good conduct." LaMagna, 494 F.Supp. at 191 (quoting DeSimone v. Norton, 404 F.Supp. 964, 967 (D.Conn.1975)); see also Short v. United States, 344 F.2d 550, 553-54 (D.C.Cir.1965) (statutory good time is important part of rehabilitative effort of the federal prisons). The congressional intent behind the extra good time statute was "to encourage prisoners to accomplish work which would simultaneously benefit the penal institution and promote the rehabilitation of the prisoner." Cohen v. Ciccone, 318 F.Supp. 831, 836 (W.D.Mo.1970); see also LaMagna, 494 F.Supp. at 192.
 
 
 15
 In analyzing an equal protection claim, a court must determine first whether the claim involves a suspect class or a fundamental right. Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir.1990). This case involves neither. Neither prisoners in general nor prisoners housed in non-federal facilities in particular constitute a suspect classification and there is no fundamental right to be conditionally released before expiration of a valid sentence. Thus, I must apply the rational basis test to the different treatment afforded working prisoners housed in non-federal facilities and those housed in federal facilities, and uphold the statutory scheme if "the classification drawn by the statute is rationally related to a legitimate state interest." Id.; see also McGinnis v. Royster, 410 U.S. 263, 270 (1973).
 
 
 16
 In McGinnis, the United States Supreme Court considered whether a state statutory scheme that denied inmates good time credit for presentence incarceration in county jails violated the equal protection clause. The statutory scheme allowed prisoners who made bail prior to trial to earn good time credit for their entire period of incarceration before they began their incarceration in a state facility after sentencing. In contrast, the prisoners who served part of their sentence in city or county jails could not earn good time credit until they were transferred to a state institution after sentencing.
 
 
 17
 Recognizing the rehabilitative purpose underlying the good time statutes, the Court found a rational justification for refusing to award good time credit for pretrial detainees in city and county facilities where no systematic rehabilitative programs existed and where state officials could not evaluate a prisoner's conduct. The Court upheld the challenged classification as rationally promoting the state's legitimate goal of affording state prison officials an adequate opportunity to evaluate an inmate's rehabilitative progress. McGinnis, 410 U.S. at 277.[4]
 
 
 18
 The rationale of McGinnis provides the necessary justification for the distinction challenged in this case. As with the New York statutes upheld in McGinnis, rehabilitation is a legitimate purpose underlying the federal good time statutes. Without information from staff at non-federal facilities, federal officials have no opportunity to know whether prisoners housed in such facilities have participated in rehabilitative programs and they cannot evaluate the rehabilitative progress of such prisoners. See McGinnis, 410 U.S. at 273 (where no evaluation by state officials and little rehabilitative participation to evaluate, rational justification for declining to give good-time credit exists). By requiring a recommendation by a responsible staff person, the statutory scheme ensures that there is some legitimate basis for awarding extra good time to prisoners housed in non-federal facilities. There is a rational relationship to the government's legitimate rehabilitative purposes in the provision for automatic extra good time for working inmates housed in federal facilities and extra good time only upon recommendation for working inmates housed in non-federal facilities.
 
 
 19
 Petitioner argues that it is unfair to deny him extra good time simply because, through no fault of his own, the federal facilities were so overcrowded that he had to be housed in a county jail. In Pryor, 914 F.2d at 925, the court of appeals upheld a system of awarding more favorable good time benefits to District of Columbia offenders housed in district institutions than to district offenders housed in federal facilities. The court found that the government could have logically reached the decision to award certain benefits only to those offenders housed in district facilities in order to balance the goals of reducing overcrowding, protecting the public, and avoiding administrative burdens. Id., at 925. The court refused to consider whether a better alternative existed. Id. (even if more effective alternative exists, statute is constitutional so long as it reflects one rational approach to the problem).
 
 
 20
 I sympathize with petitioner's argument that he should not receive fewer benefits because of his apparently random placement in a county facility for over a year. However, because I find that the statutory scheme for awarding extra good time is a rational approach to the government's rehabilitative efforts, the scheme does not violate petitioner's constitutional rights. Accordingly, I will deny this petition.
 
 ORDER
 
 21
 IT IS ORDERED that petitioner's petition for a writ of habeas corpus is DENIED with prejudice.
 
 BY THE COURT:
 Barbara B. Crabb
 BARBARA B. CRABB
 District Judge
 
 
 *
 The U.S. Attorney for the Western District of Wisconsin declined to submit a brief in this appeal. After preliminary examination of petitioner-appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on petitioner-appellant's brief and the record
 
 
 [1]
 The dates of petitioner's confinement in the Monroe County Jail appear in the September 26, 1990 response to petitioner's administrative appeal, attached to his petition as exhibit A
 
 
 [2]
 The statutory scheme does not distinguish between pretrial detainees housed in federal and non-federal facilities. All pretrial detainees must be recommended before they can earn good time for the time they were incarcerated prior to sentencing. See 28 C.F.R. § 523.17(1). Petitioner does not have standing to challenge the additional requirement for pretrial detainees in federal prison. To the extent that petitioner is challenging the recommendation requirement for pretrial detainees in non-federal facilities, his claim overlaps with his general challenge to the treatment of working prisoners in non-federal facilities
 
 
 [3]
 Although the statutes have been repealed, they remain applicable to individuals who committed a federal offense prior to November 1, 1987. See Historical and Statutory Notes to 18 U.S.C.A. §§ 4146-4166 (1990 Supp.). Petitioner committed his offense sometime prior to June 30, 1986, the date of his arrest
 
 
 [4]
 Although the Court noted that federal courts had upheld the validity of language in an earlier version of 18 U.S.C. § 4161 that awarded good time only after sentencing and incarceration in a federal facility, the cases cited do not address an equal protection challenge to this language. See McGinnis, 410 U.S. at 273 n. 21